WHEELER, Appellant, vs. MILNER, Respondent.

*October 23—November 10, 1908.*

*Appeal and error: Assignment of error: Negligence: Personal injuries: Damages: Evidence: Physical conditions preceding injury: Trial: Misleading instructions: Proximate cause: Harmless error.*

1. Where an examination of the evidence shows that a verdict is not without support therefrom, an assignment of error for denying a motion to set aside the verdict and grant a new trial cannot be sustained.

2. In an action for negligent injury it is not error to admit testimony that plaintiff suffered an injury some years before, and experienced persistently thereafter symptoms similar to those of which he complained after the alleged injury to him by the defendant, since such testimony tends more or less directly to show that the physical condition under which he suffered might have been due to something other than defendant's negligence.

3. In an action for negligent injury alleged to have been caused by defendant's attempt to drive his team past that of plaintiff, an instruction, "But even if the head driver should unreasonably refuse or fail to make room, those approaching from the rear may not, for that reason, wilfully and wantonly force their way

past him, if by so doing they produce him injury," though stating an abstractly correct rule of law, is *held* to have been inapplicable to the situation on trial, but, in view of the rest of the charge, not to have materially misled the jury.

4. An instruction to the jury stating that the proximate cause of an injury is its *direct* and natural cause is erroneous, but in this case is *held* not prejudicial, there being no evidence of an intervening event through which the negligence charged might or needed to be connected with the result, and the instruction having embodied also the necessity of the existence of reasonable anticipation.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Action for negligence, wherein, plaintiff having stopped his loaded team in the road, and being engaged immediately in front of his front wheel in relieving an entanglement of harness, the defendant undertook to drive by him from the rear upon the right-hand side, and, as plaintiff claims, turned back into the road before he had completely passed the plaintiff, causing the harness, and especially the whiffletree on defendant's vehicle, to strike the plaintiff and do him serious injury. The action was tried to a jury and a general verdict found for the defendant, upon which judgment was entered, from which the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Jeffris, Mouat, Smith & Avery,* and for the respondent on that of *Thos. S. Nolan.*

DODGE, J. 1. An examination of the evidence convinces us that the verdict is not without support therefrom, and therefore the assignment of error for denying plaintiff's motion to set aside the verdict and grant a new trial cannot be sustained.

2. Testimony of certain witnesses that plaintiff suffered an injury some years before, and experienced persistently thereafter symptoms similar to some of those of which he complained after the alleged injury to him by defendant, was admitted over objection. We think in this there was no

error, for it tended more or less directly to show that the physical condition under which he suffered might have been due to something other than defendant's negligence.

3. Error is assigned upon a clause extracted from the court's instruction in the following words:

"But even if the head driver should unreasonably refuse or fail to make room, those approaching from the rear may not, for that reason, wilfully and wantonly force their way past him, if by so doing they produce him injury."

This is undoubtedly good law. If the defendant might not be negligent, *a fortiori* he had no right to act wilfully and wantonly. But of course the complaint is that these words might have conveyed to the jury the idea that the test of defendant's liability was the wilfulness or wantonness of his act. In the rest of the charge, however, the court clearly told the jury that defendant was bound to exercise the care usually exercised by ordinarily prudent persons under like circumstances, and was guilty of negligence if he failed so to do, and liable for the proximate results thereof to the plaintiff. The giving of an abstractly correct rule of law, though not applicable to the situation upon trial, is not error, though it may be unadvisable and may be ground for reversal if it appears likely that the jury were materially misled thereby. We can see no probability of such result, however, from the clause excepted to, in view of the remainder of the charge given imposing liability for mere negligence.

4. Error is assigned upon the instruction on the subject of proximate cause. The court said:

"The proximate cause of an injury is not only its direct and natural cause, but also such cause as a person of ordinary intelligence and prudence ought reasonably to foresee might produce some injury to another as its direct and natural result under like circumstances."

The vice lies in the word "direct." The proximate cause of an injury need not be the direct cause, for it may be im-

mediate and indirect.   Over and over again this court has
so declared.   *Wills v. Ashland L., P. & St. R. Co.* 108 Wis.
255, 84 N. W. 998; *Odegard v. North Wis. L. Co.* 130 Wis.
659, 110 N. W. 809.   The proximate cause

"is not necessarily the immediate, near, or nearest cause, but
the one that acts first, whether immediate to the injury or
such injury be reached by setting other causes in motion,
each in order being started naturally by the one that precedes
it, and altogether constituting a complete chain or succession
of events, so united to each other by a close causal connection
as to form a natural whole, reaching from the first or produc-
ing cause to the final result." *Deisenrieter v. Kraus-Merkel
M. Co.* 97 Wis. 279, 288, 72 N. W. 735, 738.

It is disappointing, after all that has been said upon the
subject, that trial courts cannot avoid so clearly erroneous
definitions of this important element in negligence cases.
But, however obvious an error may be, reversal of the judg-
ment cannot result if no prejudice is produced thereby.   Sec.
2829, Stats. (1898).   In this case it is obvious that, if de-
fendant negligently drove his horses and vehicle into contact
with the plaintiff, such negligence, if the cause of his inju-
ries at all, was the direct cause.   There was no intervening
event through which such negligence might or needed to be
connected with the result.   Hence in this case the jury could
not have been misled, by any possibility, by being told that
the proximate cause was the direct cause, provided the ele-
ment of reasonable anticipation also existed, a qualification
which, it will be observed, was duly embodied in the instruc-
tion above quoted.   *Crouse v. C. & N. W. R. Co.* 102 Wis.
196, 203, 78 N. W. 446, 778; *Allen v. Voje,* 114 Wis. 1, 17,
89 N. W. 924.   It is obvious, therefore, that no improper
burden was placed upon the plaintiff's recovery, and no prej-
udice could have resulted to him from the erroneous defini-
tion embodied in this instruction.

No other errors are assigned.

*By the Court.*—Judgment affirmed.