WIESE, Respondent, vs. RILEY, Appellant.

*September 12—October 3, 1911.*

*Slander: Evidence: Competency: Substance of words spoken: Privilege: Damages: Appeal: Harmless errors.*

1. In an action for slander plaintiff alleged that when he asked for his pay, after being discharged by defendant from the government service, defendant said: "I will not pay you a penny until you return the government tools you stole." The answer alleged, among other things, that defendant's reason for refusing to pay plaintiff was that the latter was still occupying a dwelling owned by the government, of which defendant had charge. *Held,* that evidence to explain plaintiff's failure to vacate the dwelling by showing sickness and a death in his family was admissible.
2. In an action for slander witnesses who cannot recall the exact words spoken by defendant may testify to such words as they recollect them, giving in effect and substance the words uttered.
3. A superintendent in the government service, even though it is his duty after discharging an employee to ascertain whether the latter has tools in his possession belonging to the government and to require their return before paying off the employee, is not privileged in uttering an unfounded charge that the employee has stolen tools or is a thief.
4. Submission to the jury of the question of punitory damages for slander, and disallowance of such damages after they had been awarded by the jury, are not shown in this case to have been prejudicial to the defendant.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action for damages for slander.

On and for some time prior to February 15, 1910, the plaintiff, *W. H. Wiese,* and the defendant, *A. M. Riley,* were in the employ of the United States on the Menominee Indian reservation in the conduct of the business of logging thereon, and were operating under what is known as the Menominee Logging Fund, located at Neopit, Wisconsin. The defendant was employed as superintendent, and the plaintiff as electrician under the supervision and control of the defendant.

On February 15, 1910, the defendant discharged the plaintiff from the service of the United States, as he had the authority to do. On February 16, 1910, the plaintiff demanded his pay from the disbursing officer; whereupon the disbursing officer asked the defendant whether he should issue the pay order to the plaintiff. The complaint alleges that the defendant then uttered the words: "I will not pay you a penny until you return the government tools you stole." The alleged utterance of these words in the hearing and presence of the disbursing officer and others is the basis of the action.

The plaintiff testified that the defendant uttered the words as alleged in the complaint. The defendant testified that he did not utter them. The plaintiff testified that the defendant uttered the slander in an angry manner and ordered him from the room and forbade him to enter it again. One witness testified that he heard the defendant call the plaintiff a drunken pup and thief. Another witness testified that he heard the defendant say to the plaintiff when he demanded his pay, "No, sir. I will not give you a penny of what you have coming until you bring back the government tools," and that he then added either "that you have stolen" or "that you have in your chest." The disbursing officer testified that the defendant was angry at the time of the interview; that the defendant called the plaintiff a pup and had said that he was a drunken person.

He could not give the exact words used by the defendant. Another witness testified that the defendant told the plaintiff that he would not pay him one cent until he had accounted for the tools belonging to the power house, and that he also told the plaintiff that he was not to receive his salary until he had vacated the government house he was occupying and had accounted for the tools. The other persons who were present testified that they did not hear the words uttered by the defendant. There was evidence that the plaintiff, because of sickness and a death in his family, occupied a house belonging to the government for some time after his discharge and that he kept a key to the power house for a few days.

The defendant alleges and claims that the plaintiff was discharged for cause; that the reason for refusing to pay him was that he was still occupying the house of which he as superintendent had charge; that he acted in his official capacity; that he was not prompted by malice in his conduct toward the plaintiff and acted in good faith; and that as soon as the plaintiff vacated the house he ordered that he be paid.

The court instructed the jury that the utterance of the words alleged in the complaint was slanderous *per se,* and further instructed them that they must find in fact that the words were uttered in substance as charged to entitle the plaintiff to recover, and also instructed them that the burden of proof rested on the plaintiff.

The jury returned a verdict finding for the plaintiff and assessing the compensatory damages at $250 and the punitory damages at $100.

Upon the motion for a new trial being heard by the court an order was entered striking the punitory damages awarded from the verdict, and judgment was ordered for the amount found as compensatory damages and for costs. This is an appeal from the judgment so entered.

*E. V. Werner,* for the appellant.

For the respondent there was a brief by *Dillett & Dillett* and *P. J. Winter,* and oral argument by *Mr. Winter.*

SIEBECKER, J.    The defendant alleges numerous errors in the rulings by the court in the admission and rejection of evidence against his objection.    Of these the following are material and require attention: The plaintiff was permitted to explain why he failed to vacate the dwelling, a government building, as requested by the defendant, his superior, who had notified the plaintiff that he must vacate it at the time the defendant discharged him from the government service.    This matter was pertinent under defendant's answer, which called on the plaintiff to explain his failure to vacate the dwelling pursuant to the notice given him by the defendant.    It developed that the plaintiff could not comply with the direction in view of sickness and a death in his family.

Exception is urged to the ruling permitting the witness Everest and others to testify to the words spoken on the occasion in question by giving the substance of the words spoken by the defendant as they recollected them, after they had declared that they did not recall the exact words.    This evidence gives in effect and substance the words uttered and tends to support the charge made and to explain what was said by the parties, and hence was properly received.

After an examination of the other exceptions to rulings on evidence we find no prejudicial ruling in respect thereto, nor does the record disclose improper rulings as to the extent to which the court allowed leading questions to be answered.    It is not deemed necessary to discuss these exceptions in detail.

It is claimed that the defendant as the superior officer over plaintiff was in duty bound to ascertain whether the plaintiff had wrongfully taken or stolen any tools, the property of the government, and that upon the occasion in question he was permitted and required to state, if he believed that the plaintiff

had tools belonging to the government in his possession, that they must be returned before he would order payment of the plaintiff's salary, and therefore that the words actually uttered by the defendant regarding the subject were privileged.   If it be assumed that the defendant had this duty to perform, yet that did not warrant him to utter a false charge concerning the plaintiff, to the effect that he had stolen tools or that he was a thief.   We perceive nothing in the situation and relation of the parties that could justify the defendant in uttering a charge of this nature in order to comply with his duty.   The facts and circumstances are barren of a well based claim that the plaintiff had any such property in his possession and present no basis for the claim that the defendant uttered the words upon a privileged occasion and hence was exempted from liability therefor.

Numerous exceptions to instructions given by the court are alleged without any argument being presented to show wherein the instructions excepted to are erroneous, except the claim that the evidence failed to present any issue for determination by the jury to which the instruction could apply, and that the jury were confused and misled by the instructions given. An examination of the case has convinced us that the evidence presented issues embraced in the charge of the court and that the instructions given were applicable and stated the law correctly.

The claim that the defendant was prejudiced by the submission of the question of punitory damages to the jury and by the disallowance thereafter of a recovery of the amount of such damages as allowed by the jury is not well founded.   We find nothing in the record indicating that this affected the defendant's rights adversely and must therefore disregard it. This claim of prejudice is without substance.   The statute, sec. 2829, in words and spirit declares that " . . . all irregularities and errors (shall) be deemed inconsequential in the absence of reasonably clear indications that the adverse party

was prejudiced thereby" (*Oborn v. State,* 143 Wis. 249, 279, 126 N. W. 737), and should be disregarded unless, "after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking" relief therefor. Sec. 3072*m,* Stats. (Laws of 1909, ch. 192). We find no reversible error in the record.

*By the Court.*—Judgment affirmed.