Inland Steel Co. *v.* King—184 Ind. 294.

---

## INLAND STEEL COMPANY *v.* KING.

[No. 22,840. Filed November 4, 1915. Rehearing denied January 14, 1916.]

1. NEGLIGENCE.—*Proximate Cause of Injury.—Concurring Causes.*—Where two causes combine and proximately concur in producing an injury, the party at fault for one of such causes will be held liable, provided the injury would not have occurred in the absence of such fault. p. 297.

2. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Evidence.*—In an action for injuries to plaintiff, a millwright, while adjusting certain machinery in defendant's plant, caused by the sudden starting of the machine on which he was working, where the evidence showed that by closing a certain valve in the engine, which was about eight feet away, the particular machine could not have been put in motion, and that he could have closed such valve and worked in perfect safety, and there was other evidence showing that the lever of the machine was in a neutral position and that the machine could not be put in motion unless it was shifted from that position, as well as showing that millwrights generally did short jobs of the character plaintiff was performing without shutting off the engine valve, the question of whether plaintiff was guilty of contributory negligence was for the jury. pp. 297, 298.

3. NEGLIGENCE.—*Contributory Negligence.—Question of Law or Fact.*—Contributory negligence usually presents a question of fact for the jury, and it is only in cases where the facts are undisputed and where only a single inference can be drawn therefrom that the court can say as a matter of law that contributory negligence does or does not exist. p. 298.

4. MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.—Statutory Duties of Master.*—Under the doctrine of assumed

risk the master is relieved from liability for injuries to a servant caused by dangers of which the servant had knowledge even though occasioned by the master's negligence, and, if it appears that the servant voluntarily chose a more dangerous way of performing his work than another which was open to him, he will be held to have assumed the risk, unless a promise to repair or some other exceptional fact affecting the operation of the rule is shown, but the doctrine of assumed risk is not applicable in cases where the negligence which caused the injury consists in the master's failure to perform a duty prescribed by statute. p. 299.

5. MASTER AND SERVANT.—*Injuries to Servant.—Breach of Statutory Duty.—Contributory Negligence.*—Where the negligence of the master consists in his failure to perform a statutory. duty, the injured servant is not precluded from recovery merely because he knew and appreciated the danger, and to show contributory negligence it must appear that he did not use such care as a person of ordinary prudence would have used in view of the known danger. p. 300.

6. APPEAL.—*Review.—Instructions.*—An instruction stating that it was the master's duty to guard the cog gearing in question if it was practicable to do so without materially affecting its usefulness, was not objectionable as stating the duty to guard such cogs, if practicable to do so, without regard to the location of such cogs and gearing, in view of the location of same as shown by the undisputed evidence. p. 301.

7. NEGLIGENCE.—*Instructions.—Concurring Causes.*—An instruction that an act which directly and proximately concurs with another act in producing injury may be deemed a proximate cause thereof, was not objectionable on the ground that the statement is broad enough to include negligent conduct on the part of plaintiff as a concurring proximate cause, since recovery is precluded by contributory negligence because it contributed and not because it was the sole cause. p. 301.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Martin S. King against the Inland Steel Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Bomberger, Curtis & Starr* and *Glenn D. Peters,* for appellant.

*Gavit & Hall,* for appellee.

LAIRY, J.—This appeal is taken from a judgment in favor of appellee for personal injuries. The only questions presented are those which arise under a motion for a new trial, the complaint having been held sufficient on a former appeal. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529. The record shows that appellee was employed by appellant as a laborer in its mill and that while he was engaged in his labors about the mill his foot slipped into some unguarded cog wheels and he was thereby injured. Appellee's action is based on this injury and he relies upon the negligence of appellant in failing to furnish and keep in place proper guards for these cog wheels. The evidence shows without dispute that appellee at the time he was injured was a millwright and that he was subject to the orders of the millwright boss. His duties required him to go about the plant and adjust the machinery and to report anything that was broken or that was out of order. When appellee was injured he was engaged in lining up the rolls in the vicinity of the unguarded cog wheels. The rolls were not in operation when he commenced the work, but while he was engaged in adjusting set screws in obedience to an order, the rolls started and his foot slipped off the table roll into the cog gears. The cog wheels in question were situated about thirteen inches above the floor and on the opposite side from the person who stood at the table to guide the metal in the operation of the rolls, and there was no occasion to go near them except for the purpose of making adjustments or in case ingots stuck and stopped the rolls. There was evidence to show that these cogs could have been guarded without interfering with the operation of the machinery while other evidence showed that they would heat if guarded. A question of fact was thus pre-

sented which the jury decided by its verdict in favor of appellee.

The evidence further shows without dispute that the machinery which propelled the rolls was operated by steam power and that the power was controlled by a lever operated by a man in a shanty about twenty-five feet from the place of the accident. When the lever was on center the machinery was stopped and it was started by moving it in one direction and reversed by moving it in the opposite direction. The evidence does not show what caused the machinery to start at the time the accident occurred but there was evidence to show that there was no ratchet to hold the lever on center, and that it sometimes started when no one moved the lever. Under this state of the evidence it is argued that the starting of the machinery was the proximate cause of the injury and that the unguarded gearing can not be regarded as the proximate cause. This question was decided adversely to appellant 1. on the former appeal. Where two causes combine and proximately concur in producing an injury, the party at fault for one of such causes will be held liable, provided the injury would not have occurred in the absence of such fault. *King* v. *Inland Steel Co.*, *supra; Hammond* v. *Kingan & Co.* (1913), 53 Ind. App. 252, 101 N. E. 385.

The principal contention on behalf of appellant is that the facts disclosed by the undisputed evidence show that appellee was guilty of con- 2. tributory negligence in failing to close a valve in the engine by means of which the steam could be shut off in such a way that the rolls could not be moved even though the lever was pushed off center. The evidence shows without dispute that there was such a valve and that the engine was only about eight feet from the place where appellee

was injured.  Appellee testified that he knew of this valve, that he could have closed it had he so desired, that there would have been no chance to start the table rolls had he done so, and that he could then have worked in perfect safety.  There was other evidence to show that the millwrights generally shut off this valve when a job was to be done which required considerable time, but that when the job was a short one it was frequently done without shutting off this valve.  Upon these facts appellant asserts that appellee was guilty of contributory negligence as a matter of law, while it is claimed on behalf of appellee, that the question as to whether appellee exercised such care as a person of ordinary prudence would have used under like circumstances, was one of fact to be decided by the jury.  Contributory negligence usually presents a question of fact for the decision of a jury.  It is only in cases where the facts are undisputed and where only a single inference can be drawn therefrom that the court can say as a matter of law that a certain course of conduct does or does not constitute reasonable care.  In this case the facts are undisputed.  There was a valve in the engine by means of which the steam and power could have been shut off, and if appellee had closed this valve before starting to do the work he would not have been injured.  This valve was within eight feet of appellee and he knew that the rolls could not move if it were closed.  Under such circumstances would a man of ordinary prudence have closed the valve before attempting to do the work in hand?  Would all reasonable minds agree as to the answer, or is there room for a difference of opinion among minds equally honest and reasonable?  It must be borne in mind that the lever was in neutral position and that the machinery could not

have been moved unless it was shifted from that position.  In deciding whether it was necessary to close the valve, appellee might consider the probability of the machinery being started by someone moving the lever or the lever being shifted by some other means so as to start the rolls.  The evidence also showed that millwrights frequently did short jobs without taking the precaution of shutting the valve.  Under such a state of facts it was for the jury to say whether or not ordinary care required appellee to close the valve before undertaking the work in which he was engaged when injured.

Appellant invokes the rule that when a master has provided a safe way for doing a work which is known to the servant and where the servant 4. is injured while attempting to perform it in some other way which is attended with greater danger he will be denied a recovery.  This rule is of universal application in cases where the assumption of risk applies.  By this doctrine the master is relieved from liability for injuries to a servant caused by dangers of which the servant had knowledge even though occasioned by the master's negligence; and, hence, when a servant voluntarily encounters a known danger, he is denied a recovery on the ground that he assumed the risk.  In such cases where it appears that a servant has voluntarily chosen a way which he knew to be attended with danger when a safe way or a safer way was open to him, he must be held to have assumed the risk of the danger which he voluntarily encountered.  Assumption of risk is always declared as a matter of law where it appears that the servant knew and appreciated the danger which caused his injury, unless a promise to repair is shown or some other exceptional fact which affects the operation of the rule.  On the other hand contributory negligence is

generally a question of fact. The doctrine of assumption of risk has no application in cases such as this where the negligence which caused the injury consists in a failure on the part of the master to perform a duty prescribed by statute. In such cases the servant is not precluded from recovery merely because he knew and appreciated the danger.

5.

To show contributory negligence it must appear that he did not use such care as a person of ordinary prudence would have used in view of the known danger. The doctrine of assumption of risk finds no application in this case, and the question of contributory negligence under the facts proven was one of fact for the jury. The evidence is sufficient to sustain the verdict. *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424. The opinion of the Appellate Court in the case last cited contains an extended discussion of the question here involved and decided. It may be further said in support of the opinion that a recovery has never been denied to a person injured on a defective street upon the ground that he knew of the defective condition of the street and attempted to pass over it when he might have traveled a safe street by going slightly out of his way. *City of Huntington* v. *Breen* (1881), 77 Ind. 29; *City of South Bend* v. *Hardy* (1884), 98 Ind. 577, 49 Am. Rep. 792. In such cases there is no question of assumption of risk and knowledge of the defect is considered only in determining whether the injured party used reasonable care in view of such danger and the known means of avoiding it.

Appellant complains of instruction No. 2 given by the court by which the jury was told that it was the master's duty to guard the cog gearing in question if it was practicable to do so without materi-

ally affecting its usefulness. Appellant as-
6. serts that the duty to guard dangerous ma-
chinery imposed by statute applies only to
such machinery when it is so located as to render it
reasonably probable that employes may be exposed
to danger from it if not guarded. The weakness of
the instruction as pointed out is that it authorizes
the jury to find that a failure to guard the gearing, if
it was practicable to do so, would constitute a viola-
tion of the statute without regard to the location of
the cog wheels in question. In view of the location
of these cog wheels as shown by the undisputed evi-
dence in this case, the court is of the opinion that ap-
pellant was not harmed by the giving of this instruc-
tion.

Appellant objects to that part of instruction No.
3, which informs the jury in substance, that an act
which directly and proximately concurs with
7. another act in producing the injury may be
deemed a proximate cause of such injury.
This part of the instruction is criticized on the
ground that the statement is broad enough to in-
clude negligent conduct on the part of the plaintiff
as a concurring proximate cause. While that is
true, the statement is not erroneous for that reason.
The negligent conduct of the plaintiff may coexist
and concur with that of defendant in proximately
causing the injury, and in such a case the plaintiff
is precluded from a recovery because his negligence
*contributed* to the injury and not because it was the
*sole* cause. In such a case the concurring negli-
gence of the defendant is still a proximate cause of
the injury.

It would unnecessarily extend this opinion to
discuss all of the questions raised on the instruc-
tions. The court has considered the instructions
given and those refused in connection with the rea-

sons urged by appellant in support of its views regarding the same, and from such consideration it appears that no reversible error was committed by the trial court. The judgment is affirmed.

NOTE.—Reported in 110 N. E. 62. As to proximate cause of injury, see 36 Am. St. 807. On the question *volenti non fit injuria* as a defense to actions by injured servants, see 47 L. R. A. 161. As to servant's assumption of risk of the master's breach of a statutory duty, see 6 L. R. A. (N. S.) 981; 19 L. R. A. (N. S.) 646; 22 L. R. A. (N.S.) 634; 33 L. R. A. (N. S.) 646; 42 L. R. A. (N. S.) 1229; L. R. A. 1915 E 527; 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210. As to assumption of risk arising after commencement of employment as question of law or fact, see 3 Ann. Cas. 814. See, also, under (1) 29 Cyc 496; (2) 26 Cyc 1482; (3) 29 Cyc 631, 633; (4) 26 Cyc 1180, 1196; (5) 26 Cyc 1230; (6) 26 Cyc 1497; (7) 29 Cyc 652.