SCHUMANN, Respondent, vs. CITY OF KAUKAUNA, Appellant.

*May 4—May 23, 1916.*

*Instructions to jury: Harmless errors: Highways and bridges: Injuries from defects.*

1. Error in refusing to give requested instructions which were appropriate and would have aided the jury will not work a reversal unless it appears that had they been given the result would probably have been more favorable to the party requesting them.
2. Thus, in an action for personal injuries caused by one of plaintiff's horses getting caught in the crack or opening between a drawbridge and the approach thereto, the question being whether such crack, under the existing conditions as to slope and unevenness of the floor surfaces, rendered the bridge defective and dangerous to persons driving over it, the refusal of requested instructions is *held* not to have been a prejudicial error, although the charge given was quite general.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

The action is brought by the plaintiff to recover damages for personal injuries sustained as a result of an accident which occurred while driving a team of horses across a bridge in the city of *Kaukauna.*

The plaintiff was driving a two-horse team at a walk, with a heavy wagon loaded with sand upon which he was sitting, across the bridge here in question. The bridge is over 600 feet in length and slopes downward to the south at about a five per cent. grade, the direction the plaintiff was driving. There is a draw about 170 feet long near the north end of the bridge for the passage of boats navigating the Fox river. The draw also slopes toward the south. At the connection of the draw with the approach from the south there was a crack or opening of about two inches, and there was a difference between the level of the draw and the approach of about one and three quarters inches. The plaintiff testified that on September 8, 1914, he was driving very slowly over this bridge;

that he had a tight hold of each rein, one in each hand, because of the slope of the bridge; that when the team reached the end of the draw where it connects with the south approach, the left-hand horse got caught in the crack and stumbled in a falling manner; that the sudden jerk on the reins pulled him from his seat on the wagon, threw him under the wheels, and caused two breaks in his left arm and other bad bruises. Several teamsters testified to the effect that their horses were caught in this crack in a like manner and that they had notified the mayor and street commissioner of the city of *Kaukauna* of the condition of the bridge. The case was tried to a jury, who rendered a general verdict in plaintiff's favor and assessed the damages.

The court instructed the jury, "The law imposes upon every municipal corporation the duty of keeping its streets and bridges in a reasonably safe condition for public travel over them," and "It is for you to determine from the evidence and all the circumstances whether there was a defect in the Lawe street bridge, at the time and place of the accident, which was dangerous to those who had occasion to use the bridge." The court refused to give the following instruction asked for by the defendant: "The court instructs you that the fact that the defendant might have covered this crack with an apron is not established by the evidence in the case; there is no evidence as to the conditions where such other bridges and cracks had such protection, and you are not permitted to find the defendant to have been guilty of actionable negligence by reason of the absence of such a covering over the crack in question," and "the court further instructs you that if you find that there was no more of an opening or crack at the place of the accident than was necessary for the operation of the drawbridge, then you will acquit the defendant of negligence in that regard."

A judgment was entered for the recovery of the amount of damages found by the jury, together with the costs of the action. From such judgment this appeal is taken.

For the appellant there was a brief by *George H. Kelly,* attorney, and *Greene, Fairchild, North, Parker & McGillan,* of counsel, and oral argument by *J. H. McGillan.*

For the respondent there was a brief by *Albert H. Krugmeier* and *Fred V. Heinemann,* and oral argument by *Mr. Krugmeier.*

SIEBECKER, J.   It is contended that the court erred in refusing to give the requested instructions set out in the foregoing statement.   The argument is that the instructions given on the question included in the requested instructions are so indefinite and uncertain that the court failed to inform the jury that if the crack or opening complained of was no more than was necessary for operating the drawbridge then it did not constitute a defect.   It is apparent that the instructions given on the point of insufficiency or defect at the place complained of were quite general and that the requested instructions were appropriate and would have been of aid to the jury in their deliberation on the case.   Yet can it be said that the error of refusing the requested instructions prejudiced the defendant so as to require reversal of the judgment? An examination of the record does not convince us that a result more favorable to the defendant would have been arrived at by the jury had the instructions been given.   Under the statutes, secs. 2829 and 3072m, Stats., " . . . all irregularities and errors [shall] be deemed inconsequential, in the absence of reasonably clear indications that the adverse party was prejudiced thereby."   *Oborn v. State,* 143 Wis. 249, 126 N. W. 737; *Wiese v. Riley,* 146 Wis. 640, 132 N. W. 604; *Solberg v. Robbins L. Co.* 147 Wis. 259, 133 N. W. 28.   The contention is made that the jury was left to conjecture whether or not it was the crack between the draw and approach, or the unevenness in the surfaces between the draw and the approach, or the absence of a flap over the crack that constituted the defect.   The jury, under the evidence, was re-

quired to determine whether the condition of the crack, under the surrounding conditions of slope and unevenness of the floor surfaces on each side, made the bridge defective and dangerous to persons using it to drive teams thereon.    The inquiry pertains to a matter concerning which the jurors' general knowledge would enable them to form an intelligent opinion, and explanatory instructions by the court could have aided them but little in their deliberation.    The requested instruction whereby the court was asked to direct the jury that the evidence of having a covering over the crack was insufficient to support a finding that such covering was practical or that any had been used on bridges was properly refused under the state of the evidence in the case.    These were jury questions in the light of the evidence in the case.    We are of the opinion that the court properly submitted the question of plaintiff's contributory negligence to the jury.    There is no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.