## MANCUSO v. CLEVELAND RY. CO. et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6363. Decided May 31, 1926

355. DAMAGES—1. Where passengers in street car are frightened by the nearness of an impending collision between a street car and engine at the intersection of the tracks, such fright being accellerated by the headlight of the engine shining into the street car, and the collision never occurring, the defendant companies are not liable for damages for injuries sustained by plaintiff by reason of being stepped on by the frightened passengers.

2. Damages arising from mere fright or panic are not recoverable.

SULLIVAN, J.

Josephine Mancuso sued in the Cuyahoga against the Cleveland Railway Co. and the Common Pleas to recover for personal injuries New York, Chicago, & St. Louis Railroad Co., for concurring negligence by reason of which it was claimed her injuries were sustained.

Mancuso was a passenger in a street car of the defendant Railway Co. which was about to cross an intersection of the Railway Company's tracks with those of the Railroad Co.

The car, and an engine of the Railroad Co. reached the intersection at the same time; but there was no collision as the engine had stopped before reaching the street car. The headlight of the engine was lighted, it being quite dark, and while the car was crossing the tracks, some of the passengers became frightened but Mancuso was not among the passengers who became frightened. While the excitement was in progress among some of the passengers, Mancuso who was seated, was stepped upon by one or more of the passengers and as the result of the aforesaid circumstances, it was claimed that she had a miscarriage and was injured physically by reason of her contact with the passengers frightened, they having seen the headlight of the engine as the intersection was being crossed.

On motion made by the Companies, the court directed a verdict in their favor and judgment was entered thereon. Error proceedings were instituted and it was claimed that there was a scintilla of evidence which should have gone to the jury. The Court of Appeals held:

1. There was no evidence of such proximate cause as would be a legal basis for sending the case to the jury, even under the scintilla rule; for the reason that under the record there was no act of negligence attributable to defendants or either of them which resulted in the injuries alleged.

2. Mancuso's injuries followed from the fright produced by the burning headlight on the engine and the direct act of the passenger or passengers were solely responsible for any injuries resulting to her, the defendants in no way being parties to the act of the passengers produced by fright in mistakenly anticipating the danger of a collision that did not occur.

3. Damages arising from mere fright or panic are not recoverable, for under such circumstances there can be no such thing as proximate cause as defined by the authorities.

4. Proximate cause is not one operating on the mentality but is that which immediately precedes and directly produces an effect as distinguished from a remote or predisposing cause. The intervening efficient cause in the present case was the act of the passengers.

5. The locomotive in having its headlight burning complied with the laws and the panic caused in the street car does not make the Railroad Co. culpable for the consequences occurring in the street car.

6. In an action to recover damages for injuries sustained through the negligence of an-

other, the law requires only the direct and proximate results of the negligent act, as creating a liability against the wrongdoes. 78 OS. 309.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Nicola & Horn for Mancuso; Squire, Sanders & Dempsey and Tolles, Hogsett, Ginn & Morley for Companies; all of Cleveland.