Howard M. Ness, by his father and next friend Joseph Ness, and Joseph Ness, appellants, v. H. M. Iltis Lumber Company, appellee.

No. 50922.

(Reported in 128 N.W.2d 237)

MAY 5, 1964.

Austin, Grefe & Sidney and Putnam, Putnam & Putnam, all of Des Moines, for appellants.

Duncan, Jones, Hughes, Riley & Davis, of Des Moines, for appellee.

GARFIELD, C. J.—This is a law action in two counts to recover for loss of the right eye of Howard Ness, age six, who was struck in the eye by a row of staples ejected from a Bostitch stapler a carpenter named Smith was using to attach tile to the ceiling of the Ness home. Defendant H. M. Iltis Lumber Company sold the tile and staples and furnished the stapler for use in attaching the tile. The first count is brought by the boy's father as next friend to recover damages resulting to the boy, whom we call plaintiff. The second is by the father to recover hospital and medical expense for treatment of the injury. Trial resulted in jury verdict and judgment for defendant from which plaintiff appeals.

The errors assigned are directed to instructions 9, 10 and 11 to the jury on the subject of proximate cause.

The stapler from which the row of staples was ejected resembles—in a general way—a pistol in appearance. What we may call the barrel is about six inches long, with four flat sides.

The row of staples, about four inches long, is inserted into the front end. Normally one staple at a time is ejected from the front end. A lever, about five inches long, extends down from the rear of the barrel. In front of the lever is an O-shaped part. The four fingers are inserted into the opening of this part. To drive a staple into the material which is being attached, the operator pushes the lever with the base of his thumb toward the O-shaped part in front of it. If the stapler is "fired" into the air when the front of the barrel is not against a solid surface, a staple will fly ten feet or more through space. The staples resemble those used in stapling machines in offices for attaching sheets of paper but they are heavier.

Defendant had about 12 of these staplers which it loaned to purchasers of staples and building materials into which they were to be inserted. Mr. and Mrs. Ness engaged Mr. Smith to put new tile on the ceiling of two bedrooms. He had been a carpenter 20 years and had put up a lot of ceiling tile with similar staplers. He started the work Friday, December 16, 1960, and resumed it about 8 the next morning. It was necessary to load the machine with staples every 15 or 20 minutes.

The accident happened Saturday about 11:30. When Smith had only a few more tile to put up the machine "ran out" of staples. He got a row to insert in the stapler, pushed it about halfway in and then the rest of the way, when the row flew out of the machine and struck the boy in the right eye. The boy was then not over 30 inches to three feet from Smith.

The injury was at first not believed serious. But the eye became worse and the boy was taken to a doctor Monday morning, the 19th. He was immediately hospitalized. Efforts to save the sight of the eye failed and on January 30 it was removed to prevent possible loss of sight in the other eye.

The charges of negligence against defendant which were submitted to the jury were in failing to exercise ordinary care to: 1) inspect and test the stapler before releasing it for use, and 2) make the stapler reasonably safe for the use for which it was supplied.

I. Instruction 5 defines proximate cause in language plaintiff says is proper. Instruction 9 states that if the jury finds

defendant negligent it should "determine whether such negligence was a *direct or* proximate cause of the accident herein." Also that, for plaintiff to recover, a finding the alleged negligent act or acts "was a *direct and* proximate cause of the accident and resulting damage" was necessary. This last statement appears twice. We have emphasized the words complained of in instruction 9.

Plaintiff's objection to instruction 9 is that the term "direct" as descriptive of proximate cause is surplusage, not a proper statement of the law, might confuse the jury, and the term "proximate cause" in itself is adequate and proper.

Instruction 10 states a proximate cause need not be the sole and only cause of damage or injury; when the negligence of two or more persons concurs or combines to cause injury to another which would not result without such concurring negligence, the negligence of such persons would be the proximate cause of the injury; "one whose negligence is *a direct cause* of injury to another is not relieved from responsibility" therefor because some third person is also negligent and his negligence concurred or combined to cause the injury. Also that defendant claims the sole and only proximate cause of the accident was the negligence of Smith and defendant was not negligent; if the jury so finds, plaintiff cannot recover; but if both were negligent and the negligence of each was a proximate cause of the injury plaintiff should recover from defendant.

Defendant did not object to the term "a direct cause", emphasized by us, in instruction 10. His objection was on two grounds: 1) There is no evidence Smith was negligent in operating the stapler, and 2) no pleading by defendant of Smith's negligence. Upon submission of the appeal plaintiff conceded this second ground is not well founded and no objection to the instructions based on the state of defendant's pleadings is now. relied upon.

This concession accords with our decisions. Kuehn v. Jenkins, 251 Iowa 718, 728, 729, 100 N.W.2d 610, 616, and citations. See also Oltmanns v. Driver, 252 Iowa 1066, 1074, 109 N.W.2d 446, 451; Kelly v. Emary, 242 Iowa 683, 690, 691, 45 N.W.2d 866, 871. Sole ground of objection to instruction 10 for our con-

sideration is thus whether there is substantial evidence Smith was negligent in loading the stapler at the time of the injury.

Instruction 11 says that defendant contends the negligence of Smith was an efficient, intervening cause of the injury; such a cause is one which so entirely supersedes operation of defendant's negligence that it alone produces the injury; if the jury so finds, plaintiff cannot recover; but if defendant was negligent and such negligence was a proximate cause of the accident and there was no intervening cause as herein defined, plaintiff should recover. Plaintiff's only objection to this instruction is there is no evidence to warrant giving it.

■ II. Of course we consider only the grounds of objections to the instructions which were timely made upon the trial and not abandoned here. Rule 196, Rules of Civil Procedure; Crist v. Iowa State Highway Comm., 255 Iowa 615, 628, 629, 123 N.W.2d 424, 432, and citations; Wilson v. Kouri, 255 Iowa 348, 353, 122 N.W.2d 300, 302, and citations. Although they disclaim any purpose to do so plaintiff's counsel argue here, as frequently occurs, grounds of objections not timely asserted upon the trial.

■ III. We consider first the objection to instruction 9. The statement the jury should determine whether defendant's negligence was "a direct or proximate cause" quite clearly presents no reversible error. The word "or" is ordinarily used as an alternative or disjunctive. The admonition just quoted would be complied with by a finding defendant's negligence was either a direct cause or a proximate cause of the accident. In a sense it may fairly be contended this language was actually favorable to plaintiff. See as somewhat in point Stilson v. Ellis, 208 Iowa 1157, 1167, 225 N.W. 346, 351; Hackman v. Beckwith, 245 Iowa 791, 800, 64 N.W.2d 275, 281.

■ What is just said does not fully apply to the statement in instruction 9, repeated once, that a finding of "direct and proximate cause" was necessary. "And" is ordinarily a conjunctive term although it is frequently used, as it apparently was here, to join words of similar meaning. Although the words "direct and" might well have been omitted, we are not persuaded their use was reversible error upon the grounds urged, when the instructions as a whole are considered together. Of course they

must be so considered. Sisson v. Weathermon, 252 Iowa 786, 796, 108 N.W.2d 585, 590, and citations; Wheatley v. Heideman, 251 Iowa 695, 713, 102 N.W.2d 343, 354, and citations. The jury was so instructed.

It is a familiar rule of statutory construction, even of criminal statutes where a strict construction usually prevails, that the word "and" is sometimes construed as a disjunctive, such as "or", and "or" is sometimes construed as "and." Lahn v. Primghar, 225 Iowa 686, 689, 692, 281 N.W. 214, and citations; Ahrweiler v. Board of Supvrs., 226 Iowa 229, 234, 235, 283 N.W. 889; State ex rel. Winterfield v. Hardin County Rural Elec. Cooperative, 226 Iowa 896, 916, 285 N.W. 219, and citations; Skutt v. Dillavou, 234 Iowa 610, 615, 616, 13 N.W.2d 322, 325, 155 A. L. R. 327, 332. It would seem instructions should not be viewed more critically than statutes.

Such expressions as "direct or proximate cause" and "direct and proximate cause" are commonly used. Count II of plaintiff's petition alleges, "* * * plaintiff * * * states that * * * his minor son, as a direct and proximate result of defendant's negligence * * *, sustained personal * * * injuries * * *." We perceive little difference between saying plaintiff was injured as a direct and proximate result of defendant's negligence and saying a direct and proximate cause of plaintiff's injuries was such negligence. See Applebee v. Ross, Mo., 48 S.W.2d 900, 82 A. L. R. 288, 293.

In line with this thought, we have said at least three times proximate cause is "the primary moving cause or predominating cause from which the injury follows as a natural, direct and immediate consequence, and without which it would not have occurred." Aitchison v. Reter, 245 Iowa 1005, 1012, 64 N.W.2d 923, 927; Daly v. Illinois Central R. Co., 248 Iowa 758, 761, 80 N.W.2d 335, 337; Chenoweth v. Flynn, 251 Iowa 11, 16, 99 N.W.2d 310, 313. See also Jakeway v. Allen, 227 Iowa 1182, 1188, 290 N.W. 507.

Instruction 2.8a of Uniform Jury Instructions, prepared by an able committee of the Iowa State Bar Association, states: "The term 'proximate cause' means the direct, efficient and producing cause without which the injury complained of would not

have occurred." We disagree with one of these uniform instructions reluctantly. McMaster v. Hutchins, 255 Iowa 39, 45, 120 N.W.2d 509, 512.

The statement of the Iowa contributory negligence rule we have frequently commended for use in instructions is, "if the injured party contributed in any way or in any degree directly to the injury, there can be no recovery." Smith v. Pine, 234 Iowa 256, 264, 12 N.W.2d 236, 241, and citations; Howie v. Ryder & McGloughlin, 244 Iowa 861, 865, 58 N.W.2d 389, 391; Brewer v. Johnson, 247 Iowa 483, 486, 72 N.W.2d 556, 558; Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 714, 715, 107 N.W.2d 85, 90.

Webster's Third New International Dictionary gives as its first definition of proximate cause, "a cause that directly or with no mediate agency produces an effect;".

We think these precedents lend support to our holding instruction 9, although not to be commended as a pattern, was not reversible error, upon the grounds urged, when considered together with the other instructions. Dubuque Fire and Marine Ins. Co. v. Caylor, 10 Cir., Kan., 249 F.2d 162, 164; Peerless Insurance Co. v. Cerny & Associates, D. C. Minn., 199 F. Supp. 951, 954; Inland Steel Co. v. King, 184 Ind. 294, 110 N.E. 62, 64; Tanner v. Sanders, 247 Ky. 90, 56 S.W.2d 718, 721; Sivertson v. City of Moorhead, 119 Minn. 467, 138 N.W. 674, 675; Applebee v. Ross, supra, Mo., 48 S.W.2d 900, 902, 82 A. L. R. 288, 293; Mancuso v. Cleveland Ry. Co., 23 Ohio App. 493, 155 N.E. 243, 244; State v. Ross, Ohio Com. Pl., 176 N.E.2d 746, 748.

We are cited to no authority which supports plaintiff's objection to instruction 9. We have found Wills v. Ashland Light, Power & Street Ry. Co., 108 Wis. 255, 84 N.W. 998, 1000, which points out that the terms proximate cause and direct cause are not the same and an instruction which states they are is erroneous. Two subsequent decisions adhere to this view but, upon plaintiff's appeal, do not reverse upon such ground. Wheeler v. Milner, 137 Wis. 26, 118 N.W. 187, 188; Braun v. Minneapolis, St. P. & S. S. M. Ry. Co., 170 Wis. 10, 172 N.W. 743, 745, 746.

■ IV. Plaintiff's objections to instructions 10 and 11 raise the question whether there is substantial evidence of Smith's negligence which was the sole proximate cause and an efficient, intervening cause of the unfortunate injury to this little boy. We think there is.

As stated, Mr. Smith had had much experience with such staplers. This one had failed to hold the staples in the machine once before on the morning of the injury. About an inch of staples came out of "the gun" then. Rather than obtain another stapler, Mr. Smith continued to use the one that had not functioned properly. He knew the little boy was playing in an adjoining room in the house. He testified, "When you're working around a house with children, they run around, it is pretty hard to tell where they are going all the time, so I didn't really know he was coming at that time to me." No precautions were taken to warn the boy or his parents or to see that he was kept away from the work. He was free to go wherever he wanted to go. In loading the stapler at the time of the injury the barrel was pointed toward an open space where the boy was free to go. The stapler could easily have been pointed toward the floor or in another direction, toward where the furniture had been moved from the rooms being remodeled.

Plaintiff concedes it was his problem to show defendant's negligence was the proximate cause of the injury and "This would, of course, negative an efficient, intervening cause." We are not justified in holding this burden was satisfied as a matter of law.

Plaintiff tells us several times in argument there is no evidence anything other than a malfunctioning of the stapler's safety device caused the staples to eject and no evidence of Mr. Smith's negligence. We have tried to refer to enough of the record to indicate our disagreement with the argument.

■ V. Defendant argues it was entitled to a directed verdict on the ground there is insufficient evidence it was negligent in the respects claimed and therefore the assigned errors in the instructions were without prejudice to plaintiff. Of course if defendant's motion to direct should have been sustained, alleged errors in the instructions would be without prejudice. Butler

Mfg. Co. v. Elliott & Cox, 211 Iowa 1068, 1070, 1071, 233 N.W. 669, and citations. Our holding the instructions were not reversible error upon the grounds urged makes it unnecessary to decide this contention of defendant. We will say, however, for the benefit of the litigants and their counsel it is doubtful if there is substantial evidence of defendant's negligence.—Affirmed.

All JUSTICES concur.