# SIVERT SIVERTSON v. CITY OF MOORHEAD.[1]

November 29, 1912.

Nos. 17,914—(70).

**Evidence — new trial.**

In this, a personal injury action, it is *held* that no reversible errors were made in the admission of evidence or in the instructions to the jury, nor did the trial court abuse its discretion in denying plaintiff's motion for a new trial on the ground that the verdict was not justified by the evidence, and also on the ground of newly discovered evidence.

Action in the district court for Clay county to recover $15,350 for personal injuries. The answer alleged that the uses to which the engine and pump were being put were casual and temporary and did not require or justify the purchase of a new and expensive engine and boiler; that defendant purchased a second hand engine and boiler which were adapted to the work required and were entirely safe and steam worthy; that some of the packing used in and about the flanges had become somewhat dry and permitted steam to leak or escape in small quantities from the boiler chamber, but this condition in no wise rendered the boiler unsafe or liable to explode or liable to endanger the safety of persons working in its immediate vicinity; that while plaintiff was passing near or about the boiler, a small amount of steam escaped by reason of the condition heretofore alluded to, causing a hissing sound, and that thereupon plaintiff, without due cause, without exercising any judgment or intelligence, started to rush stupidly and blindly away from the boiler, without regard to obstacles or impediments, and that if injuries were thereby inflicted upon him they were solely the result of his contact with obstacles encountered during his precipitate flight and were caused by his negligence. The reply was a general denial. The case was tried before Nye, J., and a jury which returned a verdict in favor of

[1] Reported in 138 N. W. 674.

defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Peterson & Adams* and *McEnroe & Wood,* for appellant.

*Morton Barrows* and *Garfield H. Rustad,* for respondent.

START, C. J.

On May 8, 1911, the defendant city was maintaining and operating an artesian well to supply water for the residents of the city and for public purposes. The plaintiff was then an employee of the city as a common laborer in and about such enterprise. This is an action to recover for personal injuries claimed to have been sustained by the plaintiff while engaged in such work. He alleged in his complaint that the defendant negligently furnished for such work an old, defective and dangerous steam boiler, and that by reason thereof the packing was blown therefrom and the steam escaped with such force, without warning to him, that he was seriously injured thereby. These allegations were put in issue by the answer and the issues submitted to the jury. A verdict was returned for the defendant. The plaintiff made a motion for a new trial on the grounds of error of law occurring at the trial, newly discovered evidence, and that the verdict was not justified by the evidence. The motion was denied and the plaintiff appealed from the order denying it.

1. The first group of alleged errors assigned relates to the rulings of the trial court as to the admission of evidence. The defendant's superintendent of its water and light department, who purchased the boiler in question, was permitted, over the plaintiff's objection, to testify, after answering certain preliminary questions, as follows:

"I asked Mr. Sykes, the man whom I purchased the boiler of, if the boiler was safe, and he said he had subjected it to a test of one hundred eighty pounds hydraulic pressure, and he brought his man and he said the same thing, and I took his word for it, as he is an old boilermaker."

It is urged by plaintiff that this ruling was erroneous for the reason that it was not competent to relieve the defendant from responsi-

bility for failing to have the boiler inspected as required by statute, R. L. 1905, § 2172, by hearsay evidence of what some one said about a test applied to it. This must be conceded, as an abstract proposition, but it does not appear from the record that the evidence was offered or received for any such purpose. Precisely why it was offered is not clear from the record, and we assume for the purposes of this appeal that the evidence was immaterial. The trial court, however, in this connection, instructed the jury to the effect following:

Under the laws of this state it was the duty of defendant, before operating or raising steam in the boiler, to have it inspected by a duly appointed boiler inspector of this state. Therefore, if you find that defendant's failure to have this boiler inspected, as required by law, was in any way responsible for the accident complained of, then defendant would be liable in this action for such injuries as the plaintiff has shown himself to have sustained as a direct result of such failure.

The attention of the jury, by this instruction, was specifically directed to the necessity of an inspection by a duly appointed inspector of this state, and by necessary implication excluded any other inspection or test as a substitute therefor. It is clear, therefore, that the admission of the evidence complained of was not reversible error.

2. The next group of alleged errors relates to the instruction of the trial court in submitting to the jury the question of the causal connection between the alleged negligence of the defendant and the injury of the plaintiff. The specific claim is, that the court erred in using in this connection the word "direct" instead of the word "proximate." No exception was taken at the trial to this instruction, or any other, nor was the court requested to make it more specific. The word "proximate," for the want of a better one, is usually used by courts to designate the legal cause of an injury, but the word "proximate" when so used is synonymous with "direct" and "immediate." Nelson v. Chicago, M. & St. P. Ry. Co. 30 Minn. 74, 77, 14 N. W. 360; Renner v. Canfield, 36 Minn. 90, 92, 30 N. W. 435; Ermentrout v. Girard F. & M. Ins. Co. 63 Minn. 305, 308, 65 N. W. 635.

The instruction was legally correct, and if there was any reason

to apprehend that the jury might be misled by the use of the word "direct" instead of "proximate" it was the duty of counsel to call the matter to the attention of the court and ask for a more specific instruction.

Several other alleged errors of the trial court in its instructions, and in failing to give instructions upon its own motion, none of which was requested, are here urged as a ground for reversal. We find no reversible error in the instructions as given, nor did the court err in not giving instructions not requested.

3. The last contention of the plaintiff to be considered is to the effect that the trial court erred in denying his motion for a new trial on the ground that the verdict was "contrary to the evidence," and also on the ground of newly discovered evidence. A consideration of the evidence and the affidavits as to the alleged newly discovered evidence, has led us to the conclusion that the question whether the plaintiff was injured as a result of the defendant's negligence was one of fact to be determined by the jury, and further, that the newly discovered evidence was largely impeaching, which is not a ground for a new trial except in extraordinary cases, which this is not, and that the court did not abuse its discretion in denying the motion for a new trial on either of the grounds urged.

Order affirmed.