ALGERNON L. ANDERSON, APPELLEE, V. FORREST BYRD, DOING BUSINESS AS BYRD NURSERY COMPANY, ET AL., APPELLANTS.

272 N. W. 572

FILED APRIL 16, 1937. No. 29961.

*De Lamatre & De Lamatre* and *Dora Nelson*, for appellants.

*A. W. Storms* and *Frank A. Anderson*, contra.

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

GOSS, C. J.

Forrest Byrd, doing business as Byrd Nursery Company, and Howard Deckard, his employee, appeal from a judgment against them.

The action arose out of a collision November 26, 1935, about 10:30 in the morning, about half a mile east of Holdrege on paved highway No. 6, between plaintiff's Dodge coach and the truck of defendant Byrd. Defendant Byrd had a contract with the state highway department for the planting of trees on either side of the highway. His truck, driven by defendant Deckard, was traveling west carrying several other employees who had been doing work in connection with trees planted along the highway. Plaintiff was driving his coach east with three parties, going out to see a wreck on the railroad running south of and near the highway. They had about reached the point of the wreck when the collision occurred.

The petition alleged negligence in operating the truck of defendant Byrd at a dangerous rate of speed on the left side of the highway and left of its center line; without keeping a proper lookout; and so that it could not be stopped in time to avoid a collision.

The amended answer alleged that the accident was proximately caused by a dense and impenetrable cloud of smoke which settled over the road so that for several seconds prior to the collision it was impossible for either driver to see where he was going and that as a result the accident was unavoidable under the circumstances; that any injury sustained by plaintiff was due to the contributory negligence of plaintiff; that plaintiff negligently operated his car on the left side of the highway, left of the center line thereof, in such a manner as to collide with the left front and left side of the truck; that plaintiff operated his car without keeping a proper lookout, drove into the cloud of smoke at a high rate of speed and was negligent in not continuing to drive to the right of the center of the road, or, in the alternative, in not immediately bringing his car to a stop. Defendant Byrd counterclaimed for damages to his truck.

The trial resulted in a verdict and judgment for plaintiff for $7,450.

Fourteen errors are relied upon for reversal. They re-

late to excessiveness of the verdict, insufficiency of the evidence, and ten of them are concerned with alleged errors in instructions.

The only issues of negligence alleged by plaintiff that were submitted to the jury by the instructions of the court are: (1) That "defendant was driving said truck at a rate of speed which at the time and place and under the circumstances there existing was dangerous; (2) that the truck was being driven on the wrong or left-hand side of the highway; and (3) that it was being driven without a proper lookout being maintained by the driver thereof." This is quoted from the second instruction given by the court, but the parenthetical figures are ours.

It would take undue space to detail the testimony of the various witnesses. Suffice it to say that there was ample evidence (though disputed) from which the jury might conclude that, when the collision occurred, the truck of defendant Byrd was being driven with its left wheels considerably south of the black line marking the center of the pavement; that while the speed of the truck was perhaps not over 25 miles an hour, yet, considering the circumstances of the drizzle of rain, the wet pavement and the smoke coming from the engine or engines, the jury might infer that the speed was a dangerous rate of speed under the circumstances; and the facts might properly lead to the conclusion by the jury that Deckard, who was driving the truck, was not maintaining a proper lookout for a car coming from the west. He himself testified that he had been driving the truck in second gear but had shifted to high just before he entered the "cloud of smoke." He estimated that he went 75 to 100 feet in this smoke, saw plaintiff's car at a distance of 30 feet and turned his steering wheel to the right. At least one other witness furnished testimony tending to establish that the truck was enveloped for a period in the smoke.

The witnesses in plaintiff's car furnished testimony from which the jury might find that they saw the truck approaching, that it was not very much obscured by smoke, that

as it neared them it turned and came diagonally across the black center line of the pavement and struck their car on the south side of the pavement. This situation in the evidence constrained the trial judge to submit the cause to the jury. There was conflict in the evidence, but it was particularly a jury case. For that reason the trial court properly overruled the motions of defendants for a directed verdict both at the end of plaintiff's evidence and at the end of all the evidence.

It is not a case in which it could be said that the collision or accident was unavoidable. Either one or both parties caused it by negligence. It was a question for the jury to decide under proper instructions.

The most serious objection made by defendants raises the question relating to proximate cause. Defendants had pleaded that the proximate cause of the collision was the smoke. There was evidence on the subject, though conflicting. Nowhere in the instructions to guide the deliberations of the jury was the term "proximate cause" used. Nor can we find that this theory of defendants, that the existence of smoke from the railroad engine or engines nearby was the proximate cause of the collision, was otherwise stated in the language used by the court in its instructions. It is not necessary that the words "proximate cause" be used if the instructions contain a word or phrase or language conveying the same meaning.

It is true that defendants requested no instruction by the court on the subject of proximate cause, but "It is the duty of the trial judge to instruct the jury correctly upon the law as applied to the issues presented by the pleadings, if supported by the evidence, whether requested or not." *Hall v. Rice,* 117 Neb. 813, 223 N. W. 4. See *Brooks v. Thayer County,* 126 Neb. 610, 254 N. W. 413.

In view of the conclusion we have reached, it is not necessary to discuss the other errors assigned. The judgment of the district court is

REVERSED.