## STROUD v. TOMPKINS.

No. 30717. Dec. 7, 1943.

Rehearing Denied Feb. 1, 1944.

*145 P. 2d 396.*

Looney, Watts, Fenton & Eberle, of Oklahoma City, for plaintiff in error.

Burton & Harper, of Lawton, for defendant in error.

CORN, C. J. This is an action for the recovery of damages for personal injuries sustained in an automobile accident. Judgment was for the plaintiff, and the defendant brought this appeal. The parties will be referred to herein as they appeared in the trial court.

The accident occurred as the plaintiff was making a left turn at a street intersection in the city of Lawton. The plaintiff alleged that as she was approaching the intersection in her car she extended her left hand and signaled a left turn, and thereafter did turn to the left upon said intersection in a careful and prudent manner, and that when she had reached the left side of said street

in making said left turn into and upon the intersecting street, when and where she had the right of way to pass over and across the lane of traffic coming from the opposite direction in said street from which she was turning, the defendant approached said intersection from the opposite direction, and driving his car in a reckless and negligent manner and at an excessive rate of speed, crashed into the plaintiff's automobile, thereby causing serious injuries to the plaintiff as set forth in her petition.

The defendant's answer contains a general denial, and also contains an allegation that the plaintiff was not driving her automobile in a careful and prudent manner, but that the accident was caused by or contributed to by her own negligence.

The various assignments of error presented by the defendant for the reversal of the judgment will be considered in the order of their presentation in his brief.

1. It is contended that the court erred in failing to instruct the jury on the issue of proximate cause.

The jury was instructed that before they could render a verdict in favor of the plaintiff and against the defendant, they must find that the injuries sustained by the plaintiff were proximately caused by the negligence of the defendant; and again was specifically instructed that before they could find for the plaintiff they must find that the defendant carelessly and negligently drove his automobile into and against the automobile in which the plaintiff was riding, and that as a proximate result of said collision the plaintiff was injured. An instruction equally as thorough as the foregoing was given on the issue of contributory negligence. Obviously, in view of these facts, the argument of the defendant is confined to the necessity of an instruction defining proximate cause.

In this connection, it may be observed from the record that no question of remote or intervening cause is raised either in the pleadings or the evidence.

The sole issue in the case is whether or not the injuries were proximately caused by the negligence of the defendant, or whether or not they were caused or contributed to proximately by the plaintiff's own negligence, and this issue was properly presented to the jury by the court's instructions.

As a rule the term "proximate cause" need not be defined by instruction of the court where there is no conflict in the evidence as to the cause of the injury. This proposition is discussed in 45 C. J. § 921, on pages 1347-48. The text reads as follows:

"It is not necessary that the court should define 'proximate cause.' . . . Where certain facts, if proved, will establish, as a matter of law, that defendant's negligence was the proximate cause of the injury, the court should charge that, if the jury finds these facts, they must find for the plaintiff, instead of defining natural and proximate cause."

This rule is supported by Black & White Cab Co. v. Clark, 67 Ga. A. 170, 19 S. E. 2d 570; Triplett v. Lundeen, 132 Neb. 434, 272 N.W. 307; Anderson v. Byrd, 132 Neb. 588, 272 N. W. 572, and many other decisions.

2. That the court erred in giving certain specified instructions, and in refusing certain requested instructions, relating to "right of way."

An instruction was given by the court based upon the statutes known as the Rules of the Road, 69 O. S. A. § 583, and in this instruction the court, after stating in the abstract the rule as stated in the statute, illustrated the meaning of same as applied to the facts in the case. The jury was told that where two vehicles approach intersecting streets from different directions, the vehicle approaching from the right shall have the right of way, and that this means that where two vehicles approach at approximately the same time, the vehicle approaching from the left shall pause and permit the vehicle approaching from the right to pass the intersection first, but if the vehicle approaching from the

left reaches the intersection an appreciable length of time ahead of the vehicle approaching from the right, the vehicle first entering the intersection has the right of way over the other, whether approaching from the right or left.

The defendant advances the untenable argument that where two cars are proceeding along the highway in opposite directions, neither is on the right of the other, and not until one of the vehicles interrupts the normal flow of traffic, and changes its course, can this rule have application. Such a construction of the rule would place the motorist desiring to make a left-hand turn at the disadvantage of having to wait until a considerate driver came along and conceded the right of way for the left turn. We cannot place such a construction upon this particular rule of the road. When a driver, having made his left turn signal, enters upon the intersection and crosses the center line of the street on to the intersecting street and reaches that point an appreciable length of time ahead of the car approaching from his right, he has the right of way without regard to the "normal flow" of traffic. The facts in this case clearly indicate that the plaintiff had the right of way and that the collision would not have happened but for the negligence of the defendant.

As to the refusal of the court to give defendant's requested instruction, it appears that the matters sought to be submitted by them are properly covered by the instructions given by the court.

In the case of O'Hern v. Hatter, 189 Okla. 663, 119 P. 2d 48, in paragraph 2 of the syllabus, it is held:

"It is not error to refuse a requested instruction where the matters therein sought to be submitted are properly covered by the general instructions given by the court."

3. That the court erred in its instructions to the jury relating to "the assured clear distance ahead" statute.

It is the contention of the defendant that this issue is not raised in the pleadings and is not justified by the evidence. But as we view the record it is sufficiently raised by both the pleadings and the evidence. In plaintiff's petition the defendant is charged with specific acts of negligence in excessive speed, in approaching the intersection without retarding said speed, which would have avoided the collision, and failure to heed warning of left turn. And from a reading of the record it is evident that the defendant sought to show that the plaintiff did not have control of her car and was unable to stop within the assured clear distance; and also sought to show that he, the defendant, was driving his car with care and at a rate of speed that would permit him to stop within the assured clear distance ahead. The instruction states the substance of the statute, but leaves it for the jury to determine from the evidence which one of the parties was responsible for the accident.

4. The court erred in instructing the jury on the issue of contributory negligence.

The defendant pleaded contributory negligence as a defense to the action, and sought to show by the evidence that the plaintiff, as one particular act of negligence, failed to pass around the center of the intersection before turning. The court instructed generally upon contributory negligence, and specifically upon the particular act complained of by the defendant as in violation of the Rules of the Road. The complaint in regard to the instruction is to the effect that it limited the issue of contributory negligence to this particular circumstance. This criticism of the instruction is not justified when the instructions are considered as a whole. Another particular act of negligence on the part of the plaintiff sought to be shown by the defendant as contributing to the cause of her injuries was that the plaintiff turned her car to the left across the path of traffic from the opposite direction so suddenly that the defendant did not have time to avoid the collision. The instruction relating to "the

486

assured clear distance ahead" complained of above by the defendant applied with equal force to the plaintiff as to the defendant, and considering the instructions together as a whole, we cannot see that the court unduly emphasized any one theory of the case above any other.

5. The court erred in overruling the defendant's motion for a directed verdict and in submitting the cause to the jury.

This proposition challenges the sufficiency of the evidence to sustain the verdict. We have read all the testimony in the case, and we find no sharp conflict between the testimony of the plaintiff and that of the defendant. There is no evidence that the exact center of the intersection was marked, and the plaintiff testified that she did not make a direct left turn, but circled across from the right side of Second street on to Gore boulevard, and that as she was just going onto Gore boulevard her car was struck by that of the defendant; that she had slowed down to let another car pass before she turned, and had shifted to second gear in slowing up to let the other car pass before making the turn. That the defendant's car struck the right front wheel of her car and tore off the right front fender and running board and skidded her car eight or ten feet; that the whole car skidded sidewise to the south; that she did not see the defendant's car approaching the intersection. The defendant testified that he was driving at 20 to 25 miles per hour and did not see her car in time to stop or avoid the accident. In estimating and fixing the location of the impact he stated that the rear wheels of the plaintiff's car had just crossed the center line of Second street and that her car was just south of the center line of the south drive of Gore boulevard going west; that plaintiff's car skidded southwest six or eight feet and stopped four to six feet from the curb on the south side of Gore boulevard. The evidence shows that the south drive of Gore boulevard is 30 feet wide. Then, using the defendant's own estimate of distances. and adding the width of

plaintiff's car, the point of impact must have been a little north of the center line on Gore instead of a few feet south of it as the defendant fixed it in his testimony. Whatever may have been the exact location of the impact, the admitted physical facts indicate that the plaintiff's car was going at the lower rate of speed and that the defendant's car was going at a somewhat higher rate of speed; that the plaintiff was traveling west upon the intersection, and according to the relative speed of the cars, had entered first upon the intersection and had the right of way, and the defendent, although approaching from her right, should have slackened his speed and allowed her car to clear before proceeding on his way. Therefore, under our view of the record, there is no doubt as to the sufficiency of the evidence to sustain the verdict.

The judgment is affirmed.

RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., concurs in conclusion. WELCH and HURST, JJ., absent.