Argued October 9, affirmed October 23, 1968

QUIGLEY, *Appellant, v.* SCHOOL DISTRICT
NO. 45J3 ET AL, *Respondents.*
446 P. 2d 177

*Helen J. Frye,* Eugene, argued the cause for appellant. On the briefs were Husband, Johnson & Frye, Eugene.

*William E. Flinn,* Eugene, argued the cause for respondent School District. *Darst B. Atherly,* Eugene, argued the cause for respondent Pupke. On the brief were Jaqua, Wheatley & Gardner, and Thwing, Atherly & Butler, Eugene.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

This is an action arising out of personal injuries sustained by a 12-year-old boy in a physical education class in a school gymnasium. A piece of gymnasium apparatus about nine feet high, consisting of horizontal metal bars and known as stall bars had been

delivered the day before but had not yet been fastened to the wall. The stall bars somehow fell and the boy was injured. The action was tried before a jury which returned a verdict for defendants. Plaintiff appeals from a judgment entered on the verdict.

■ The plaintiff presents four assignments of error which we will consider in order. First the plaintiff alleges as error the admitting of testimony by defendant Pupke, who was the teacher in charge of the class, to the effect that no similar incidents had occurred during other classes previously held in the same room. The plaintiff argues that the testimony had no probative value in determining: (1) whether the condition alleged was a dangerous one, or (2) whether defendant was reasonably chargeable with knowledge of a defective condition. These are purposes for which evidence of safety in prior related situations is admissible. *Robertson v. Coca Cola Bottling Co.*, 195 Or 668, 681, 247 P2d 217 (1952); *Briggs v. John Yeon Co.*, 168 Or 239, 250, 122 P2d 444 (1942). The plaintiff's argument is that defendant Pupke in his testimony admits both the dangerous condition and his knowledge; therefore, this portion of his testimony was admitted to prove contributory negligence for which, under our decisions, it could have no probative value and therefore was prejudicial. *Robertson v. Coca Cola Bottling Co.*, supra; *Briggs v. John Yeon Co.*, supra.

■■ The testimony of defendant Pupke does not support a conclusion that the defendant admitted that a dangerous condition existed and that he knew of its existence. The question whether the presence of the stall bars constituted a dangerous condition and whether the defendant Pupke had knowledge was for the jury. The testimony as to the prior safe use of

the same room by other children was properly admitted as material and relevant on the question of dangerous condition and knowledge of it by defendant.

Secondly, the plaintiff alleges that the court erred in removing from the jury's consideration the plaintiff's specification of negligence as follows: "Defendants failed to provide plaintiff and other members of the said class with adequate supervision of their activities in said activity court."

■ The plaintiff's argument assumes that the stall bars constituted a dangerous condition of which the defendant had knowledge and that, therefore, his supervision was inadequate. The language of the allegation is not that inclusive. It alleges only that the teacher failed to exercise reasonable care for the protection of the students under his supervision. There was no evidence to support the allegation, and it was properly withdrawn. We dispose of the alleged error by so holding, even though we note that proper exception to the instruction withdrawing the allegation from the jury was not made.

Thirdly, plaintiff alleges that the court erred in failing to give two of plaintiff's requested instructions:

"No. 3

"A physical education instructor is required to exercise reasonable care for the protection of the students under his supervision.

"No. 4

"It is the duty of a physical education teacher not only to exercise reasonable care to prevent injuries, but to properly and adequately supervise the activities of the students in his class."

The court gave the following instruction:

"A school district may be guilty of negligence if one of its teachers or employees does a thing

which an ordinary careful prudent school teacher or school employee in the same area under the same circumstances would not do, or if the teacher or employee fails to do a thing that an ordinary careful prudent school teacher or employee in the area would do under the same or similar circumstances.

"Members of the school staff must exercise reasonable care for the protection of the students under their supervision, and they must reasonably guard against harm to students that might reasonably be foreseen and anticipated."

■ No exception was taken at the time of trial. The substance of the requested instructions was included in the instruction given by the court, although not as briefly and precisely as in the requested instructions. This is not error. *Poulsen v. Johnson*, 182 Or 297, 186 P2d 521 (1947); *Bracht v. Palace Laundry Co.*, 156 Or 151, 65 P2d 1039 (1937).

Fourthly, the plaintiff alleges that the court erred in giving the following instruction:

"On the other hand, if you find from the preponderance of the evidence that defendants were negligent in one or more of the particulars charged in the Complaint which proximately caused the accident and you find the plaintiff was not negligent in any respect as alleged by defendants, then plaintiff should be permitted to recover."

This instruction was given to the jury when they returned to the courtroom and asked to be re-instructed on contributory negligence. The court repeated all of his previous instructions on negligence and contributory negligence. Proper exception was taken to the instruction. During the instruction and again during the re-instruction, the court twice explained to the jury that before the jury could find the plaintiff con-

tributorily negligent it would have to find him negligent in at least one particular as alleged, and that his negligence "proximately caused" or "proximately contributed to cause" the plaintiff's damage.

■ This court has held that in cases where it clearly appears that if the plaintiff were negligent, his negligence must have been the cause of his injury, it is unnecessary for the court to instruct on proximate cause. *Stoneburner v. Greyhound Corp. et al*, 232 Or 567, 375 P2d 812 (1962).

■ As we view the evidence there was no question of causation here, but, even if there were, the instructions taken as a whole were adequate.

Affirmed.