WALDEN, Judge.
This appeal arises out of a head-on collision of two trucks on a narrow country road.
Plaintiffs sued for personal injuries and property damages. Defendants counterclaimed for the driver’s personal injuries and property damages. Both sides asserted contributory negligence as an affirmative defense. At the close of the evidence, the trial court directed a verdict in plaintiffs’ favor on defendants’ counterclaim. The Court thereby necessarily determined as a matter of law either that defendant was guilty of negligence which proximately caused the collision or that plaintiff was guilty of no negligence that proximately caused the collision. The record does not reveal the choice made by the trial court as the basis for the directed verdict.
We set out some of the salient evidence. According to Defendant-Vertommen’s testimony, the Plaintiff-Arthur Williams was driving an El Camino truck west on a privately owned dirt road with a sever,e S-curve. Ten foot high maiden sugar cane and underbrush overhung and encroached upon the road around the curve so that there was only about 12 feet for vehicles to traverse there. The defendant was proceeding east, driving towards the center of the roadway as he came around the curve. Because of the roadside growth Vertom-men could see only ten to fifteen feet ahead. Williams testified that, as he approached the curve, slowing to about fifteen miles per hour, he sighted Vertom-men’s fender, knew defendant could not see him, and slammed on his brakes. The defendant saw Williams’ truck as he came out of the curve, slammed on his brakes, veering to the right, so that he was stopped at the time of impact.
The investigating patrolman, who did not arrive until three hours after the accident, smelled alcohol on defendant’s breath, but noted defendant’s faculties were not impaired; however, according to defendant, he did not have a beer until after the accident, while waiting for the officer to arrive.
Plaintiff testified oppositely. However, under directed verdict procedure, we are obliged to consider the testimony presented in the light most favorable to the defendant. Seaboard v. Big Chief, Fla. App.1968, 211 So.2d 21. From the defendant’s version and the inferences to be gained therefrom the jury could have concluded that the plaintiff did not take sufficient evasive action, did not keep a sufficient lookout, did not sound his horn when he saw defendant emerging from the curve, was going too fast under the circumstances, or that plaintiff did not act as a reasonable man under the circumstances.
In view of the conflicting conclusions possible from the testimony as a whole, it was error to direct a verdict on defendants’ counterclaim. Such verdicts *118 should be entered when all reasonable deductions and inferences from the evidence point to one conclusion. Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; Carlton v. Johns, Fla.App.1967, 194 So.2d 670; Lupoletti v. Miller, Fla.App. 1972, 269 So.2d 67; Dambakly v. Mason, Fla.App.1967, 194 So.2d 35.
The claims of the parties were substantially the same. The trial court was inconsistent in directing a verdict on defendants’ counterclaim for negligence and instructing the jury on both negligence and contributory negligence as to the plaintiffs’ claim. The effect of the directed verdict was to determine as a matter of law either that the plaintiff-counter defendant-Williams was not negligent thus barring an instruction on contributory negligence regarding plaintiffs’ claim against defendants, or to determine that the defendant-counter plaintiff-Vertommen was contributorily negligent regarding the negligence claim against Williams. This later finding would imply negligence on the part of Williams amounting to contributory negligence in the main claim and barring his recovery against Vertom-men. Green v. Atlantic Co., Fla.1952, 61 So.2d 185; Saunders v. Kaplan, Fla.App. 1958, 101 So.2d 181; dissent in Williams v. Seaboard Airline Railroad Co., Fla.App. 1972, 268 So.2d 459, reversed in Fla., 283 So.2d 33. Opinion filed July 31, 1973.
It is our view that the events presented a classic jury question as to each claim. The evidence and inferences were such as to authorize the jury to find a stand-off with no recovery on the premise that both drivers were guilty of negligence. Alternatively, it could have found that one driver’s conduct and negligence was the sole proximate cause of the collision, thereby entitling the other driver to recover. Further, we feel that when the court decided the defendant’s claim and erroneously withdrew it from the jury’s consideration this could not help but flavor the remaining proposition in plaintiff’s favor as concerns his claim. The law and the simple justice of the cause indicate that the issues as to complaint and counterclaim should be retried by a new jury.
We reverse and remand with directions to grant a new trial to the parties on their respective claims.
Reversed and remanded.
OWEN, C. J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.