342 So.2d 986 (1977)
Margo A. MOSCA, Appellant,
v.
Robert MIDDLETON, Appellee.
Nos. 76-116 to 76-118.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied February 25, 1977.
*987 Richard M. Gale, Stephens & Schwartz, Franklin D. Kreutzer, Miami, for appellant.
Horton, Perse & Ginsberg, P.J. Carroll & Associates, Adams, George, Lee & Schulte and David L. Willing, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
The appellant contends that where evidence at a trial discloses that plaintiff and defendant entered a traffic intersection against a red light (plaintiff making a left turn and the defendant coming in the opposite direction at a considerable rate of speed), the jury must find the plaintiff negligent to some degree and, therefore, must apportion damages under the doctrine of comparative negligence.
We do not agree. A jury may find that the defendant's negligence was the sole proximate cause of the accident. Even if the plaintiff was negligent, his negligence may not have contributed to the proximate cause of the accident. Henry v. Britt, 220 So.2d 917 (Fla. 4th D.C.A. 1969); Vertommen v. Williams, 287 So.2d 116 (Fla. 4th D.C.A. 1974); Petroleum Carrier Corporation v. Gates, 330 So.2d 751 (Fla. 1st D.C.A. 1976); Compare Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
Therefore, the jury verdict and final judgment here under review be and the same are hereby affirmed.
Affirmed.