639 P.2d 81

Keith ARMSTRONG, individually and
d/b/a Armstrong Enterprises,
Plaintiff-Appellant,

v.

INDUSTRIAL ELECTRIC AND EQUIP-
MENT SERVICE, a corporation,
Defendant-Appellee.

No. 5196.

Court of Appeals of New Mexico.

Dec. 22, 1981.

William J. Darling, Eaves & Darling, P. A., Albuquerque, for plaintiff-appellant.

Charles A. Pharris, Rebecca A. Houston, Keleher & McLeod, Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Judge.

Plaintiff, Keith Armstrong, d/b/a Armstrong Enterprises, filed suit against Industrial Electrical and Equipment Service, a corporation, seeking damages for injuries sustained by him while performing electrical work at Papa Felipe's Restaurant in Coronado Center, Albuquerque, New Mexico. Plaintiff alleged that he sustained severe shocks and burns as a proximate result of negligent and improper installation of electrical wiring by defendant. Defendant raised as an affirmative defense the contributory negligence of plaintiff, and the trial court submitted to the jury the issue of comparative negligence of the parties. From a judgment incorporating a jury verdict and finding in a special interrogatory that plaintiff was 100% negligent, the plaintiff appeals. We affirm.

The sole issue raised by plaintiff on appeal is whether the trial court committed reversible error in a case tried as a comparative negligence action, in refusing to give plaintiff's requested jury instruction, incorporating the bracketed portion of N.M.U.J.I.Civ. 3.8, N.M.S.A.1978 (Repl.1980), (former N.M.U.J.I.Civ. 12.10, N.M.S.A.1978), defining proximate cause.

The trial court did instruct the jury as to the definition of proximate cause, utilizing N.M.U.J.I.Civ. 3.8 (Repl.1980), but declined to include certain optional language. The jury instruction as requested by plaintiff read as follows.

The proximate cause of an injury is that which in a natural and continuous sequence produces the injury, and without which the injury would not have occurred. [It need not be the only cause, nor the last nor nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury.]

Plaintiff contends that his version of the jury instruction on proximate cause is essential in a comparative negligence action where the negligence of more than one person may be a contributing factor in causation of plaintiff's injury. Plaintiff further asserts that the language omitted from the jury instruction given by the trial court was necessary to clearly apprise the jury that they could find more than one proximate cause of plaintiff's injury under the evidence before them, and that in cases involving issues of comparative negligence, by virtue of the very nature of such cases, it is possible to have more than one proximate cause contributing to the alleged injury. The special use notes prepared by the drafters of N.M.U.J.I. 3.8 (Repl.1980), do not discuss proximate cause in terms of comparative negligence actions.

The court instructed the jury in accordance with N.M.U.J.I.Civ. 3.1, N.M.S.A.1978. The instruction given provided in applicable part:

The Plaintiff has the burden of proving that he sustained damage and that one or more of the claimed acts of negligence was the *proximate cause* thereof.

\*     \*     \*     \*     \*     \*

The defendant says that the Plaintiff was contributorily negligent because:

(a) The Plaintiff was contributorily negligent in that he was not properly licensed according to the laws of the State of New Mexico to perform the work he was doing;

(b) Plaintiff did not use ordinary care to determine whether there was live circuits in the area in which he was working;

(c) Plaintiff carelessly and improperly cut into the conduit carrying the electric wiring by which he was injured;

(d) Plaintiff failed to utilize available plans or drawings to determine whether there were additional live circuits in the area in which he was working;

The Defendant has the burden of proving that Plaintiff was contributorily negligent. Negligence of the Plaintiff is not contributorily negligence unless it is a proximate cause of the Plaintiff's damages. (Emphasis supplied).

Also given was N.M.U.J.I.Civ. 13.1, N.M.S.A.1978, which read:

When I use the expression 'contributory negligence,' I mean negligence on the part of the Plaintiff that proximately contributed to cause the alleged damages of which Plaintiff complains.

The court additionally instructed the jury utilizing a non-uniform jury instruction, requested by the plaintiff to explain the jury's function in assessing comparative negligence between the parties. This instruction read:

If you find that Plaintiff's injury was *proximately caused by a combination of negligence of the Defendant and contributory negligence* of the Plaintiff, you will determine the amount of damages to be awarded by you, as follows:

First: You will determine the total amount of damages to which the Plaintiff would be entitled under the Court's instructions if Plaintiff had not been contributorily negligent.

Second: You will determine what proportion or percentage that is attributable to the Plaintiff to the total combined negligence of the Plaintiff and of the Defendant whose negligence proximately contributed to the injury.

Third: You will then reduce the total amount of Plaintiff's damages by the proportion or percentage of negligence attributable to the Plaintiff.

Fourth: The resulting amount, after making such reduction, will be the amount of your verdict. (Emphasis added).

In addition to the above instructions, the court submitted special interrogatories to the jury that directed them to determine by way of a special finding whether plaintiff's damages were proximately caused by the negligence of either plaintiff or defendant alone, or the combined negligence of both parties. In answering the interrogatories, the jury found that only the plaintiff's negligence constituted the proximate cause of his injuries. The fourth question submitted to the jury in the special interrogatories was answered as follows:

Question No. 4: Assuming that 100% represents the combined negligence of the Plaintiff and of the Defendant whose negligence contributed as a proximate cause to Plaintiff's injury, what proportion, if any, of such combined negligence is attributable to the Plaintiff on the other hand and to the Defendant on the other hand?

Answer:   To Plaintiff <u>100%</u>
             To Defendant <u>0%</u>

■ Special interrogatories perform an important function in comparative negligence actions, since it is vital for the court to inquire by way of special findings whether the negligence of either party or both was the proximate cause of plaintiff's claimed damages. Special verdicts or jury interrogatories are required in comparative negligence cases by N.M. Supreme Court Order No. 8000, Misc. (March 30, 1981).

■ The several instructions given by the trial court on proximate cause, together with the directives in the special interrogatories submitted to the jury, when read together, adequately apprised the jury as to the definition of proximate cause. Considered as a whole, the instructions indicated that the jury had to determine the claims of negligence and contributory negligence and ascertain whether the negligence of more than one of the parties were contributing factors of causation of plaintiff's injuries. The function of jury instructions

is to make the issues that the jury is to determine plain and clear. *Embrey v. Galentin*, 76 N.M. 719, 418 P.2d 62 (1966).

■ The trial court gave N.M.U.J.I. Civ. 20.2, (Repl.1980), which instructed the jury to consider the instructions as a whole, not picking out one instruction or parts thereof and disregarding others. *See Garcia v. Barber's Supermarket*, 81 N.M. 92, 463 P.2d 516 (Ct.App.1969). The standard for the reviewing court in determining the sufficiency of instructions is whether all of the instructions, when read and considered together, fairly present the issues and the law applicable thereto. *Webb v. Webb*, 87 N.M. 353, 533 P.2d 586 (1975); *Tapia v. Panhandle Steel Erectors Company*, 78 N.M. 86, 428 P.2d 625 (1967). In the absence of proof to the contrary, jurors will be presumed to have considered instructions as a whole. *Blaine v. Byers*, 91 Idaho 665, 429 P.2d 397 (1967); *Cope v. Davison*, 30 Cal.2d 193, 180 P.2d 873, 171 A.L.R. 667 (1947). Appellant still has the burden of showing that he is prejudiced by an instruction claimed to be erroneous. *Jewell v. Seidenberg*, 82 N.M. 120, 477 P.2d 296 (1970).

This Court has already held in a contributory negligence case that failure to include the bracketed portion of the uniform proximate cause instruction at issue here was harmless error in light of the other instructions given and read as a whole. *Tafoya v. Whitson*, 83 N.M. 23, 487 P.2d 1093 (Ct. App.), *cert. denied*, 83 N.M. 22, 487 P.2d 1092 (1971).

■ As observed in *Terrel v. Duke City Lumber Co.*, 86 N.M. 405, 542 P.2d 1021 (Ct.App.1974), *modified*, 88 N.M. 299, 540 P.2d 229 (1975):

The general term 'proximate cause' encompasses both causation in fact and proximate causation as a limitation placed on the tort-feasor's responsibility. Prosser on Torts, § 41 (4th Ed. 1971). The latter type of causation occurs when the consequences ' " ... were or should have been contemplated or might have been foreseen." ...' *Valdez v. Gonzales*, 50 N.M. 281, 176 P.2d 173 (1946).

■ Authorities are not in complete accord as to whether the adoption of comparative negligence significantly affects the concept of proximate cause. *See* V. Schwartz, Comparative Negligence § 4.2, 4.3 (1974). Proximate cause is, however, a key element in comparative negligence cases.

In H. Woods, Comparative Fault § 5.1 at 94 (1978), the author notes:

Theoretically, adoption of comparative negligence should have no effect on the rules of proximate causation obtaining in the particular jurisdiction. As a practical matter, there is some effect. Where fault can be apportioned, it seems logical that courts will not be quick to find a remote, intervening, or superseding cause of the plaintiff's damages.

A widely used defense in the 'pure' jurisdictions is that plaintiff's negligence as the sole proximate cause of the occurrence. In such jurisdictions, the defense is attractive in that it is completely exculpatory.

■ Causation of injury is an ultimate fact in every case. Negligence and causal connection are generally fact questions for the jury, unless reasonable minds cannot differ. *F & T Co. v. Woods*, 92 N.M. 697, 594 P.2d 745 (1979); *New Mexico State Highway Dept. v. Van Dyke*, 90 N.M. 357, 563 P.2d 1150 (1977).

■ A plaintiff in a comparative negligence action who has sustained damages is barred from damages for loss or injury caused by the negligence of another only when plaintiff's negligence is the sole legal cause of the damage or the negligence of the plaintiff and some other person or persons other than the defendant or defendants was the sole legal cause of the damage. *Hoffman v. Jones*, 280 So.2d 431, 78 A.L. R.3d 321 (Fla.1973); *Pittman v. Volusia*

*County*, 380 So.2d 1192 (Fla.Dist.Ct.App. 1980).

■ Although under the facts of this case we find omission of the language complained of not to be error, ordinarily in tort actions tried to a jury, where comparative negligence claims are present, the trial court should give the language included in the second bracketed portion of N.M.U.J.I. Civ. 3.8 (Repl.1980). As stated in *Claymore v. City of Albuquerque*, 20 N.M.St.B.Bull. 75 (Ct.App.1980), aff'd sub nom, *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234, 1240 (1981):

The thrust of the comparative negligence doctrine is to accomplish (1) apportionment of fault between or among negligent parties whose negligence *proximately causes* any part of a loss or injury, and (2) apportionment of the total damages resulting from such loss or injury in proportion to the fault of each party. (Emphasis supplied).

■ With the adoption of the doctrine of comparative negligence in its "pure form," in *Claymore* and *Scott*, the Supreme Court in Order No. 8000 Misc., *supra*, relating to modification of civil jury instructions, has ordered that the definition of contributory negligence in N.M.U.J.I.Civ. 16.2 (Repl.1980) may still be given in "appropriate cases" in accordance with the *Claymore* decision.[1] "Appropriate cases" means those cases in which trial thereon commenced before the date upon which the *Claymore* decision became final.

In cases filed after *Claymore* became final on February 12, 1981, Supreme Court order 8000 Misc., *supra*, directed that: "[I]n all trials taking place after February 24, 1981, the date on which mandate issued by the Court of Appeals, Uniform Jury Instructions Civil pertaining to the issue of

---

1. In the comment by M. Dabney, Torts-Negligence-Judicial Adoption of Comparative Negligence in New Mexico, 11 N.M.L.Rev. 487 (1981) the distinction between the concept of contributory negligence and comparative fault is analyzed as follows: "Contributory negligence and comparative fault differ both as to the circumstances under which a plaintiff may recover in a negligence action and the amount of recovery. Under contributory negligence, a plaintiff is completely barred from any recovery if he was negligent to any degree. The doctrine of comparative fault abolishes this bar and allows each party to recover in inverse proportion to his negligence."

contributory negligence are no longer given, or they shall be modified when appropriate, in negligence cases."

Supreme Court order 8000 Misc., *supra*, makes mandatory the giving of a special verdict or interrogatories in comparative negligence actions tried to a jury. Such order specifies that: "Counsel should draft for the trial court's approval, appropriate special verdict or interrogatories to submit to the jury." *Compare Lawrence v. Florida E.C.R. Co.*, 346 So.2d 1012 (Fla.1977).[2]

■ While under the doctrine of comparative negligence, a negligent plaintiff is no longer barred from recovery, but is entitled to recover damages diminished in proportion to the fault attributable to him, the plaintiff may not recover without first establishing a *prima facie* case in proving that the defendant was negligent, and that defendant's negligence was the proximate cause of his injuries. *Elder v. Pacific Telephone & Telegraph Co.*, 136 Cal.Rptr. 203, 66 Cal.App.3d 650 (Ct.App.1977).

■ Under the doctrine of comparative negligence, however, the fact finder can still find either the negligence of the plaintiff or defendant as a sole proximate cause of a plaintiff's injuries, thereby obviating the requirement to apportion damages. *Ramirez v. Miska*, 304 Minn. 4, 228 N.W.2d 871 (1975); *Vanderweyst v. Langford*, 303 Minn. 575, 228 N.W.2d 271 (1975); *see Kroon v. Beech Aircraft Corp.*, 628 F.2d 891 (5th Cir. 1980); *Mosca v. Middleton*, 342 So.2d 986 (Fla.App.), *cert. denied*, 354 So.2d 983 (Fla.1977).

■ Read as a whole, the instructions correctly and sufficiently advised the jury on the issues of proximate cause, and under the facts of this case, it was not prejudicial error for the trial court to refuse to include the bracketed language in giving the N.M. U.J.I., Civ. 3.8, (Repl.1980), defining proximate cause.

Plaintiff shall pay the costs of this appeal.

The judgment is affirmed.

IT IS SO ORDERED.

SUTIN, J., specially concurs.

LOPEZ, J., concurs.

SUTIN, Judge (specially concurring).

I concur.

The time has long since past when serious consideration should be given to the value of an instruction that defines "proximate cause." It has been widely used in judicial opinions. For purposes of arriving at a result, scholarly judges are able to define "proximate cause," but none can explain it. They can pierce the meaning of each of the various causes that defy the minds of the average juror. For example only, *Roswell v. Davenport*, 14 N.M. 91, 94, 89 P. 256 (1907), says:

> Proximate cause and effect have been best defined in the much quoted case of *Railway Co. v. Kellog [Kellogg]*, [4 Otto 469] 94 U.S. 469, 475, [24 L.Ed. 256] where it is stated: "When there is no intermediate, efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must therefore always be whether there was any intermediate cause, disconnected from the primary fault, and self operating which produced the injury."

All of the cases and authorities are collected in the long and conflicting majority and dissenting opinions in *Pettes v. Jones*, 41 N.M. 167, 66 P.2d 967 (1937). In *Rix v. Town of Alamogordo*, 42 N.M. 325, 333, 77 P.2d 765 (1938), where the trial court failed to find the proximate cause of the damage, the court said:

> However, we think the omission of the word "proximate" in the court's findings is not very important.

Courts have been chipping away at the use of an instruction that defines "proxi-

---

**2.** New Mexico has not yet adopted jury instructions for use in comparative negligence actions. Until uniform jury instructions are adopted for use in comparative negligence actions in this jurisdiction, trial counsel and judges will have to formulate appropriate jury instructions for use on a case by case basis.

mate cause." *Stroud v. Tompkins*, 193 Okl. 483, 145 P.2d 396 (1943); *Magnolia Petroleum Co. v. Barnes*, 198 Okl. 406, 179 P.2d 132 (1947); *Black & White Cab Co. v. Clark*, 67 Ga.App. 170, 19 S.E.2d 570 (1942); *Triplett v. Lundeen*, 132 Neb. 434, 272 N.W. 307 (1937); *Anderson v. Byrd*, 132 Neb. 588, 272 N.W. 572 (1937); *Osborne v. Montgomery*, 203 Wis. 223, 234 N.W. 372 (1931); *Silvertson v. City of Moorhead*, 119 Minn. 467, 138 N.W. 674 (1912); *High v. Waterloo, C. F. & N. Ry. Co.*, 195 Iowa 304, 190 N.W. 331 (1922); *Stadtherr v. City of Sauk Center*, 180 Minn. 496, 231 N.W. 210 (1930); *Williams v. Hyman-Michaels Co.*, 277 S.W. 593 (Mo.App.1925); *Quigley v. School District No. 45J3*, 251 Or. 452, 446 P.2d 177 (1968).

*Black & White Cab*, supra, said:

11. Ground 25 claims that the court should have explained the meaning of proximate cause. There is no duty on the court to explain or define proximate cause. [19 S.E.2d 573.]

*Osborne*, supra, said:

It is considered that in instructing a jury, a court is not required to make a complete statement in finished form of abstract or general principles of the law of negligence. It is doubtful whether an accurate, inclusive, exclusive, universal definition of negligence can be framed. If it were framed, no doubt it would be so abstract and refined as to be beyond the understanding of jurors.

\*    \*    \*    \*    \*    \*

The use of the objectionable term "proximate cause" can be avoided by using the term "legal cause" or "cause" or perhaps "substantial factor" if the proper meaning be attributed to whatever term is used. [234 N.W. 379.]

*Williams*, supra, said:

Plaintiff's second assignment of error has to do with the giving of instruction No. 4 for defendant. The objection lodged against this instruction is the fact that the words "direct or proximate cause," are used therein without being defined. We think there is no merit in this contention. Such words have a commonly understood meaning, and to hold that the jury might have been misled by the use of such language without definition would be equivalent to saying that the members of the jury were lacking in ordinary intelligence. [277 S.W. 594.]

After setting out a definition of "proximate cause," *Prosser*, infra, said:

There are probably few judges who would undertake to say just what this means, and fewer still who would expect it to mean anything whatever to a jury.

Prosser, *Proximate Cause in California*, 38 Cal.L.Rev. 369, 424 (1950). The reason nothing further is stated in this concurrence is *Prosser's* opening paragraph:

So MUCH has been written about proximate cause that any professor who feels an article coming on would do well to coil it and sit on it and hold his peace. Everything worth saying on the subject has been said many times, as well as a great deal more that was not worth saying. Proximate cause remains a tangle and a jungle, a palace of mirrors and a maze, and the very bewildering abundance of the literature defeats its own purpose and adds its smoke to the fog. [Id. 369.]

Extensive authorities are cited and an apology given for this extensive presentation.

"Proximate cause" is generally defined in U.J.I. 3.8 and carried over into Products Liability wherein "independent intervening cause" is added and defined. U.J.I. 14.24. It was omitted from the only instruction adopted on "comparative negligence." U.J.I. 16.15.

It can be said with some sense of assurance that the jury would be more confused if the entire instruction had been given. Ignorance of the meaning of the law is ignorance in action. The jury could not act in a prejudicial way on the "proximate cause" instruction.

Plaintiff was not prejudiced by the instruction given.