Certiorari Granted, June 2, 2010, No. 32,344

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMCA-047

Filing Date: March 18, 2010

Docket No. 28,882

CYNTHIA and PERFECTO
PROVENCIO,

        Plaintiffs-Appellants,

v.

STEVEN L. WENRICH, D.O.,

        Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Frank K. Wilson, District Judge

Law Offices of James P. Lyle, P.C.
James P. Lyle
Albuquerque, NM

for Appellants

Sandenaw & Anderson, P.C.
Thomas A. Sandenaw, Jr.
CaraLyn Banks
Las Cruces, NM

for Appellee

OPINION

FRY, Chief Judge.

{1}     Plaintiffs Cynthia and Perfecto Provencio appeal the district court's dismissal of their negligence case against Defendant Steven Wenrich, D.O. Plaintiffs filed suit against Defendant seeking damages for the costs of raising their child conceived after an

unsuccessful sterilization procedure performed by Defendant. After the close of Plaintiffs' case at a jury trial, Defendant moved for judgment as a matter of law, arguing that proof of Defendant's failure to notify Plaintiffs was an essential element of the "wrongful conception" tort and that because it was undisputed that Defendant informed Mrs. Provencio that she was still fertile, the case should be dismissed. The district court granted the motion, dismissing Plaintiffs' claims against Defendant. For the following reasons, we reverse the judgment of the district court and remand for a new trial.

## BACKGROUND

{2}     The facts of this case are largely undisputed. In 2002, Mrs. Provencio consented to have a tubal ligation performed by Defendant following the delivery of Plaintiffs' fourth child. During the procedure, Defendant ligated what he thought was Mrs. Provencio's only intact fallopian tube and sent a sample of the tissue for a pathology test. The pathology report indicated that the tissue Defendant had sent in was ligament, not fallopian tube. Defendant scheduled an appointment with Mrs. Provencio shortly after the surgery, at which he advised her that he did not ligate the fallopian tube and that she could therefore still get pregnant. Defendant also told Mrs. Provencio that she should have a fertility test to verify with certainty whether she could still get pregnant. Defendant gave her an order for the test and advised her that she needed to schedule the appointment. Despite the fact that Defendant ordered the test in December 2002, Mrs. Provencio did not undergo the testing until November 2003.

{3}     After the fertility test revealed that Mrs. Provencio was still fertile, she did not seek additional care from Defendant, nor did she seek contraceptive care from any other health care providers. Mrs. Provencio testified that after Defendant first told her that the tubal ligation was unsuccessful and after the fertility test confirmed her continued fertility, she used condoms as her sole method of birth control because "it was pretty clear to me that . . . I could probably still get pregnant so of course I wasn't going to . . . try anything without having protection." Approximately five months after she received the results of the fertility test, Mrs. Provencio conceived a fifth child and, on January 12, 2005, she gave birth to that child. Following the baby's delivery, Mrs. Provencio underwent a second tubal ligation. She indicated that she was using condoms at the time she got pregnant.

{4}     Following the birth of their fifth child, Plaintiffs filed suit against Defendant, alleging that Defendant had negligently performed the sterilization procedure and that Plaintiffs had suffered the injury of an unwanted pregnancy. Among other things, Plaintiffs sought as damages the "reasonable expenses necessary to raise their fifth child to the age of majority." At trial, following the conclusion of Plaintiffs' case in chief, Defendant moved for judgment as a matter of law pursuant to Rule 1-050 NMRA. The district court granted the motion, concluding that a failure to inform is an essential element of the tort of "wrongful conception" and that Defendant had undisputedly informed Plaintiff of her continued fertility. The court further concluded that "the chain of causation was interrupted" by Defendant's "relay of information to . . . Plaintiff[] regarding the failed" procedure. Plaintiffs appeal.

## DISCUSSION

2

**Standard of Review**

{5}    Our Supreme Court has cautioned that judgment as a matter of law "is a drastic measure that is generally disfavored inasmuch as it may interfere with the jury function and intrude on a litigant's right to a trial by jury." *Torres v. El Paso Elec. Co.*, 1999-NMSC-029, ¶ 26, 127 N.M. 729, 987 P.2d 386, *overruled on other grounds by Herrera v. Quality Pontiac*, 2003-NMSC-018, 134 N.M. 43, 73 P.3d 181. The remedy is appropriate only "when there are no true issues of fact to be presented to a jury" and where "it is clear that the facts and inferences are so strongly and overwhelmingly in favor of the moving party that the judge believes that reasonable people could not arrive at a contrary result." *Torres*, 1999-NMSC-029, ¶ 26 (internal quotation marks and citation omitted). When reviewing a judgment as a matter of law, "we consider all evidence that has been properly admitted at trial, as well as all reasonable inferences deducible therefrom, resolving any conflicts or contradictions in the evidence in a light most favorable to the party resisting the motion." *McNeill v. Rice Eng'g & Operating, Inc.*, 2003-NMCA-078, ¶ 31, 133 N.M. 804, 70 P.3d 794. Our review is de novo. *Couch v. Astec Indus., Inc.*, 2002-NMCA-084, ¶ 57, 132 N.M. 631, 53 P.3d 398.

{6}    In the present case, the district court based the judgment as a matter of law on its view of the elements of the tort of "wrongful conception." Plaintiffs frame the issue as whether the tort for "wrongful conception" requires both a negligent failure to perform a sterilization procedure and a failure to inform the patient of the unsuccessful outcome, as the district court concluded, or whether the tort merely requires a showing that there was a negligent failure to perform the procedure. On this question of law, our review is de novo. *See Gabaldon v. Erisa Mortgage Co.*, 1999-NMSC-039, ¶ 7, 128 N.M. 84, 990 P.2d 197 (noting that whether a plaintiff alleges a valid theory upon which relief may be granted is a question of law and that all questions of law are reviewed de novo).

**"Wrongful Conception" is not a Distinct Tort in New Mexico, and Failure to Disclose is Therefore Not an Essential Element of Plaintiffs' Cause of Action**

{7}    Plaintiffs contend that the tort at issue arises solely from a doctor's negligence in performing a sterilization procedure and that whether the doctor informed the patient of the failed outcome goes only to the degree of fault. Defendant argues that if there is no failure to inform the patient of the unsuccessful outcome, then the tort is not actionable as a matter of law. Both parties rely on *Lovelace Medical Center v. Mendez*, 111 N.M. 336, 342, 805 P.2d 603, 609 (1991), in which our Supreme Court held that a parent may recover the costs of raising a child from birth to adulthood when a child is conceived as a result of a negligently performed, unsuccessful sterilization operation. In holding that such damages are recoverable, the Court described the tort as "the doctor's negligence in performing the sterilization operation *and* failing to inform the mother of the unsuccessful outcome." *Id.* (emphasis added). While Defendant contends that this statement establishes that the "wrongful conception" tort requires both a negligent procedure *and* a failure to warn, Plaintiffs argue that this statement was merely dictum.

3

**{8}**     We agree with Plaintiffs.  The Court's primary concern in *Mendez* was whether the costs of raising a child to adulthood are recoverable when a doctor negligently performs a sterilization procedure.  *Id.* (noting that "the fundamental question on the merits issue in this appeal is a question as to [the] measure of damages").  Because the case was on review from summary judgment, the Court assumed that the plaintiff would be able to prove her allegations against the doctor.  *Id.* at 347, 805 P.2d at 614.  Thus, when the Court referred to the tort as including a negligent procedure and a failure to warn the patient of the unsuccessful outcome, it was merely repeating the allegations of negligence that the plaintiff had raised, not setting out the elements of a new tort.

**{9}**     Nowhere in its opinion did the Court recognize the existence of a specific tort in New Mexico for "wrongful conception" with specific elements that must be proved at trial.  *See id.* at 337-54, 805 P.2d at 604-21.  Instead, the Court explained that the plaintiff's claim constituted "an ordinary claim for negligence or medical malpractice" and that "the damages at issue" were "damages that [the] plaintiffs are entitled to claim under ordinary principles of tort law as applied in this state."  *Id.* at 349, 805 P.2d at 616 (Alarid, J., app. opinion).  The Court noted that it saw "no reason to relieve [the] defendant of the responsibility imposed by ordinary principles of tort law, which require [the] defendant to indemnify [the] plaintiffs against the financial consequences that are the proximate result of [the] defendant's negligence."  *Id.*  Thus, *Mendez* did not delineate specific elements of a new "wrongful conception" cause of action, but instead determined only that in an ordinary medical malpractice claim stemming from a negligently performed sterilization procedure, the cost of raising a child may be recovered when a doctor's negligence causes the birth of an unwanted child.  To the extent that New Mexico recognizes a "wrongful conception" action, that term relates only to the special type of damages that may be available when the alleged malpractice involves a sterilization procedure.

**{10}**     Because a "wrongful conception" action is nothing more than a normal medical malpractice action with a unique type of damages, Plaintiffs, as in any medical malpractice action, "ha[ve] the burden of proving that: [(]1) [D]efendant owed [them] a duty recognized by law[,] [(]2) [D]efendant failed to conform to the recognized standard of medical practice in the community[,] and, [(]3) the actions complained of were the proximate cause of [P]laintiff[s'] injuries."  *Schmidt v. St. Joseph's Hosp.*, 105 N.M. 681, 683, 736 P.2d 135, 137 (Ct. App. 1987).  Plaintiffs do not, however, have to prove that Defendant failed to disclose that the sterilization procedure was unsuccessful, and the fact that Defendant here undisputedly informed Plaintiffs that the sterilization was unsuccessful does not automatically bar Plaintiffs' case from going to the jury.

**{11}**     Nonetheless, the effect of the doctor's disclosure should be considered by the jury in its assessment of causation and, if there is causation, the apportionment of the parties' relative fault.  We have previously explained that "[c]ausation of injury is an ultimate fact in every case" and that "[n]egligence and causal connection are generally fact questions for the jury, unless reasonable minds cannot differ."  *Armstrong v. Indus. Elec. & Equip. Serv.*, 97 N.M. 272, 276, 639 P.2d 81, 85 (Ct. App. 1981).  In addition, under our comparative negligence system, a plaintiff "is entitled to recover damages diminished in proportion to the fault attributable to him."  *Id.* at 277, 639 P.2d at 86.

**{12}** Assuming that Plaintiffs can prove that Defendant was negligent in failing to properly sterilize Mrs. Provencio, we conclude that reasonable minds could differ on the question of whether and to what extent his actions and the actions of Plaintiffs caused the pregnancy. On the one hand, but for Defendant's failure to perform the procedure correctly, Mrs. Provencio would not have been fertile and could not have become pregnant. On the other hand, it is for the jury to determine the extent to which Plaintiffs' knowledge of Mrs. Provencio's continued fertility contributed to cause the pregnancy and damages. If, for example, the jury were to find that Mrs. Provencio was negligent in failing to undergo a second sterilization procedure or in failing to use adequate methods of birth control, then the jury could apportion the fault appropriately—perhaps awarding Plaintiffs the costs of undergoing the second sterilization procedure and the damages stemming from the failed procedure, but not awarding them the costs of the pregnancy, birth, or raising the child. *See* UJI 13-2219 NMRA (defining comparative negligence). In any event, we are confident that a properly instructed jury will be able to appropriately analyze the issues of negligence and causation in this case.

**Disclosing to Plaintiff That She Was Still Fertile Did Not, as a Matter of Law, Break the Causal Chain**.

**{13}** As an alternative basis for the judgment as a matter of law, the district court concluded that an independent intervening cause constituted a complete defense to Plaintiffs' claims. The court determined that "the chain of causation was interrupted by [Defendant's] relay of information to . . . Plaintiffs regarding the failed tubal ligation" and that "Plaintiffs cannot recover damages because of the interruption of the chain of causation." We conclude that this determination was erroneous in light of our Supreme Court's opinion in *Torres*, 1999-NMSC-029, ¶ 18.

**{14}** In *Torres*, the Court determined that the doctrine of independent intervening cause "uniformly does not apply to a plaintiff's negligence." *Id.* ¶ 23. The Court reasoned that in cases where the defendant alleges that the plaintiff's negligence caused the plaintiff's injury, reference to the doctrine "unduly emphasize[s] a defendant's attempt to shift fault to a plaintiff." *Id.* ¶ 18.

**{15}** In the present case, the district court determined that Defendant's disclosure that the tubal ligation was unsuccessful broke the causal chain. However, this determination constituted an implicit conclusion that it was Plaintiffs' negligence in failing to change their behavior despite their knowledge of their continued fertility that caused the ensuing pregnancy and birth, and indeed, that is what Defendant argued below. According to *Torres*, this was an erroneous use of the doctrine of independent intervening cause.

**{16}** This case, like *Torres*, "presents a paradigmatic instance of comparative negligence and serves to illustrate why juries should be allowed to resolve the questions involved on the basis of the jury instructions on proximate cause and apportionment of fault." *Id.* ¶ 25. Defendant himself appears to concede that he was negligent in performing the sterilization procedure, and a reasonable jury could conclude that this negligence had something to do with the resulting pregnancy. *See id.* ¶ 23 (noting that "[a]ny harm which is in itself

5

foreseeable, as to which the actor has created or increased the recognizable risk, is always proximate, no matter how it is brought about" (internal quotation marks and citation omitted)). The jury could also conclude that when Defendant disclosed the failed sterilization to Plaintiffs, Plaintiffs' failure to take reasonable steps to prevent pregnancy also contributed to the conception of their fifth child. It was contrary to the law of causation for the district court to conclude that Defendant's disclosure interrupted and turned aside the probable results of Defendant's negligently performed surgery. *See id.* ¶ 12 (defining independent intervening cause as "a cause which interrupts the natural sequence of events, turns aside their cause, prevents the natural and probable results of the original act or omission, and produces a different result, that could not have been reasonably foreseen" (internal quotation marks and citation omitted)). The extent of each party's responsibility for the pregnancy is for the jury to decide.

**CONCLUSION**

**{17}** For the foregoing reasons, we reverse the judgment of the district court dismissing Plaintiffs' claims and remand for a trial on the merits.

**{18}    IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**ROBERT E. ROBLES, Judge**

**Topic Index for *Provencio v. Wenrich*, Docket No. 28,882**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-RM | Remand |
| AE-SR | Standard of Review |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-JT | Judgment on the Pleadings |
| CP-MD | Motion to Dismiss |
| | |
| **NG** | **NEGLIGENCE** |
| NG-IP | Independent Intervening Cause |
| | |
| **TR** | **TORTS** |
| TR-II | Independent Intervening Cause |

TR-MM                    Medical Malpractice
TR-PC                    Proximate Cause
TR-WB                    Wrongful Birth or Pregnancy